Warner Lambert Industrial Development Corp., patrono, *v.* Comisión Industrial de Puerto Rico., recurrida; Fondo del Seguro del Estado, asegurado recurrente.

*Número:* O-80-569          *Resuelto:* 4 de enero de 1982

*Francisco Falú Lebrón, Antonio Acevedo Torres* y *Jorge Márquez Gómez,* abogados del recurrente; *Rafael Santos del Valle,* abogado de la recurrida.

PER CURIAM:   Warner Lambert Industrial Development

Corp. ("el patrono"), por conducto de Fringe Benefits Consulting Services, Inc. ("la corporación representante"), solicitó del Fondo del Seguro del Estado, entre otra información, las razones por las cuales se había clasificado la nómina de ciertos empleados bajo determinada clave. Argumentaba la corporación representante que la clave correcta era otra y que durante cinco años se le habían cobrado primas al patrono bajo una clave equivocada.

Al no recibir del Fondo por más de un mes contestación a su solicitud, el patrono, por conducto de la corporación representante, acudió a la Comisión Industrial bajo el Art. 7 de la Ley Núm. 45 de 18 de abril de 1935 (11 L.P.R.A. sec. 9). El Fondo planteó ante la Comisión dos cuestiones. Argumentó que el patrono no podía utilizar el referido Art. 7 para acudir a la Comisión, sino el 24, camino que ya estaba cerrado por prescripción, y señaló, en segundo término, que la corporación representante, por no ser abogado, no podía postular ante la Comisión Industrial. La Comisión rechazó ambos planteamientos y el Fondo ha venido en alzada ante este foro.

El Art. 7 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 9, dispone en parte que:

> En el caso de que el Administrador del Fondo del Estado demorare por más de un mes, sin causa justificada, la decisión de un caso completo sometido a su consideración, el obrero o el patrono que sean partes necesarias en dicho caso, o cualquier parte interesada podrá recurrir en queja ante la Comisión Industrial y obtener una orden de dicha Comisión compeliendo al Administrador para que decida el caso; y si fuere necesario, la Comisión podrá también ordenar al Administrador que remita el expediente del caso a dicha Comisión con el objeto de asumir jurisdicción sobre el mismo y decidirlo; pero, antes de asumir jurisdicción en un caso y decidirlo, la Comisión dará al Administrador una oportunidad razonable para cerrar y decidir dicho caso.

El Art. 24 de la misma ley, 11 L.P.R.A. sec. 25, provee:

Las decisiones del Administrador fijando y regulando las primas para cada grupo de oficios o industrias y clasificación de primas para regir cada grupo o industria en particular, o cualquier orden aumentando las primas a determinado patrono según se dispone en la sección anterior, podrá ser revisado por la Comisión Industrial de Puerto Rico de la manera siguiente:

(1) El patrono regular o permanente, perjudicado podrá radicar en la Comisión Industrial de Puerto Rico dentro del término de treinta (30) días después de promulgados los nuevos tipos, o el patrono eventual o temporero dentro de los treinta (30) días subsiguientes a la obtención de su póliza, una petición para que por la Comisión Industrial de Puerto Rico *se proceda a la revisión de las decisiones del Administrador con relación a los tipos o primas para uno o más oficios o industrias,* dando los motivos por qué dichos tipos o primas deban enmendarse; y se requerirá que el Administrador comparezca y conteste dicha petición dentro del término de quince (15) días. La Comisión le dará preferencia al caso sobre los demás casos del calendario, y procederá a dictar su decisión final de acuerdo con las reglas que dicha Comisión haya promulgado.

(2) La revisión a que se hace referencia en el párrafo anterior no suspenderá en modo alguno el cobro de primas ni los efectos de ninguna otra disposición de este Capítulo; ni tampoco expedirán las cortes autos de *injunction* prohibiendo el cobro de dichas primas o contribuciones mientras se esté revisando el caso.

(3) En caso que la Comisión resuelva en el sentido de rebajar la prima que *el Administrador haya fijado para cualquier clase de oficio o industria,* no se ordenará en ningún caso ni al Administrador del Fondo del Estado, ni al Secretario de Hacienda, que devuelvan el exceso que se haya pagado en primas o contribuciones sino que dicho exceso, se descontará de las primas o contribuciones que hayan de recaudarse en el futuro *a los patronos que hayan radicado las peticiones.*

(4) En el caso que se modifique una clasificación por orden o decreto de la Comisión según se dispone en la presente, *el Administrador calculará nuevos tipos, primas o contribuciones* en la forma que determine la Comisión para aquellos patronos que tengan obreros o empleados compren-

didos en la clasificación o clasificaciones objetadas; Disponiéndose, que dichos tipos, primas o contribuciones regirán hasta que termine el año económico a que pertenecía dicha clasificación o clasificaciones.

Para poder llevar a cabo las disposiciones de esta sección, el Administrador del Fondo del Estado celebrará vistas públicas, antes del primero de junio de cada año, en distintas poblaciones del Estado Libre Asociado, notificándolo a todos los patronos asegurados de manera que ellos puedan comparecer y alegar lo que deseen respecto *a su derecho en conexión con dichas agrupaciones de oficios o industrias*. Esta notificación deberá publicarse en dos periódicos de los de mayor circulación en el Estado Libre Asociado.

El Administrador del Fondo del Seguro del Estado de igual modo tendrá derecho a cobrar individualmente a cada patrono en la misma clasificación de oficios o industrias, el porcentaje de primas que a su juicio sea más justo, concediendo una rebaja del tipo básico de la clasificación, o imponiendo un recargo sobre dicho tipo básico, de acuerdo con la experiencia individual del patrono determinada según lo provisto en este Capítulo y los reglamentos que de tiempo en tiempo adoptare el Administrador, los cuales una vez promulgados por el Gobernador, tendrán fuerza de ley; Disponiéndose, además, que el Administrador notificará a cada patrono con anterioridad a la imposición de las primas el por ciento de bonificación o recargo que le corresponda para el año de póliza. Será deber del Administrador suministrar a cualquier patrono que lo solicitare, toda la información disponible sobre los factores que componen la experiencia individual y que sirvieron de base al Administrador para fijar el recargo o la bonificación a ser pagada o recibida por el patrono solicitante. En caso de inconformidad, el patrono podrá apelar ante la Comisión Industrial dentro de los treinta (30) días subsiguientes a la fecha en que fuera notificado de la imposición del recargo o bonificación. (Énfasis suplido.)

■ El argumento del Fondo es improcedente. El Art. 24 se refiere a la revisión de las decisiones del Administrador para fijar y regular las primas por cada grupo de oficios o industrias y la clasificación de primas por cada grupo o industria. *Montaner, Admor.* v. *Comisión Indus-*

*trial,* 54 D.P.R. 55, 60–61 (1939). De lo que se trata es de algo muy distinto: la reclasificación de la nómina de un solo patrono con el fin de corregir un alegado error. La petición en este caso entraña un trámite administrativo rutinario, de carácter diferente al que motiva el Art. 24. De ocurrir demora en tal trámite, el patrono tiene derecho a utilizar el procedimiento que le brinda el Art. 7. La interpretación del Fondo haría prácticamente irrevisables los errores que pudiesen cometerse en la clasificación de nóminas aisladas.

La Comisión Industrial cometió error manifiesto, sin embargo, al resolver que una corporación o persona alguna no autorizada por este Tribunal para ejercer la abogacía en Puerto Rico puede abogar por otro ante ella. El poder inherente para admitir letrados a postular ante los tribunales y órganos cuasijudiciales del Estado Libre Asociado le corresponde exclusivamente a este foro. *Ex parte Jiménez,* 55 D.P.R. 54 (1939); *In re Bosch,* 65 D.P.R. 248 (1945). La cuestión específica aquí planteada se resolvió en contra de la posición de la Comisión Industrial en *Guerrero* v. *Tribunal de Apelación,* 60 D.P.R. 241 (1942).

*Se expedirá el auto, se modificará la resolución de 19 de septiembre de 1980 de la Comisión Industrial a los únicos efectos de revocar sus pronunciamientos sobre la capacidad para comparecer ante ella para abogar por otros de personas o entidades no autorizadas por este Tribunal y se devolverá el caso para trámites ulteriores consistentes con esta opinión.*

El Juez Asociado Señor Negrón García se inhibió.