K–MART CORPORATION, demandante y recurrida, *v.* WALGREENS OF PUERTO RICO, INC., demandada y recurrente.

*Número:* CE-88-143        *Resuelto:* 17 de junio de 1988

*Mario L. Paniagua,* de *Sweeting, González & Cestero,* abogado de la recurrente; *Mario J. Pabón* y *Carlos M. Maldonado Casillas,* de *O'Neill & Borges,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ  emitió la opinión del Tribunal.

El 6 de febrero de 1984 K-Mart Corporation (K-Mart) presentó en el Departamento de Salud una petición para la expedición de un certificado de necesidad y conveniencia para operar una farmacia en el Centro Comercial Plaza Río Hondo en Bayamón. K-Mart está representada en dicho procedimiento por el bufete de abogados O'Neill & Borges. Esta

solicitud fue objeto de una vista pública ante un oficial examinador el 8 de mayo de 1984, a la cual compareció Walgreens of Puerto Rico, Inc. (Walgreens) en calidad de parte afectada. Walgreens solicitó que se descalificara al bufete de O'Neill & Borges como abogados de K-Mart en el procedimiento comenzado, ya que dichos abogados habían representado anteriormente a Walgreens en varias solicitudes para la obtención de certificados de necesidad y conveniencia, lo que implicaba una posible violación al Canon 21 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.(1)

Luego de sometidos sendos memorandos, el oficial examinador del Departamento de Salud emitió una resolución donde declaraba sin lugar la solicitud de descalificación. No conforme, Walgreens acudió en revisión ante el Tribunal Superior, Sala de San Juan. El Departamento de Salud solicitó la desestimación del recurso por entender que el tribunal de instancia carecía de jurisdicción para revisar la resolución por ser ésta una orden interlocutoria y por ser una decisión del Oficial Examinador, no del Secretario de Salud. El tribunal de instancia paralizó los procedimientos y concedió término al Secretario de Salud para que emitiera su resolución. El Secretario de Salud confirmó y ratificó la decisión del Oficial Examinador. Una vez recibida dicha decisión final, el Tribunal Superior confirmó por sentencia la decisión del Departamento de Salud. El tribunal de instancia resolvió que ni el Departamento de Salud ni el Tribunal Superior tenían facultad para entender en solicitudes de descalificación, por ser el Tribunal Supremo el único foro a quien compete con carácter exclusivo entender en dichos procedimientos.

No conforme con dicha decisión, Walgreens presentó una moción de reconsideración que fue declarada sin lugar.

---

(1) El Cánon 21 del Código de Ética Profesional dispone, en su parte pertinente, que: ". . . Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior . . .". 4 L.P.R.A. Ap. IX.

Luego de una serie de trámites entre las partes, Walgreens acude ante nos mediante Moción en Auxilio de Jurisdicción y Solicitud de *Certiorari*. Solicita que, en auxilio de nuestra jurisdicción, emitamos una orden que prohíba al bufete O'Neill & Borges representar a la recurrida K-Mart en los procedimientos antes mencionados hasta tanto este Tribunal se haya pronunciado en forma definitiva en torno a la solicitud de *certiorari*. En la Solicitud de *Certiorari*, pág. 6, se plantea la cuestión siguiente:

> Si el Tribunal de Instancia tiene o no facultad para entender en y resolver una moción de descalificación.

El 16 de marzo de 1988 dictamos la orden siguiente:

> Examinada la solicitud de Certiorari, las autoridades allí citadas, y l[a]s constancias de los autos incorporadas [*sic*] al Apéndice, los abogados de la recurrida, K-Mart Corporation, tendrán hasta el 24 de marzo de 1988 para mostrar causa por la cual no debamos expedir el auto solicitado; dejar sin efecto las resoluciones emitidas por el Tribunal Superior, Sala de San Juan, (Hermida, Juez) el 27 de marzo y 24 de julio de 1987 y devolver el caso a dicho tribunal con instrucciones de que resuelva los méritos de la controversia planteada, a saber si procede la descalificación del bufete O'Neill & Borges como representante legal de K-Mart en los casos pendientes de adjudicación ante el Secretario de Salud.
>
> Dentro del mismo término la parte recurrida deberá fijar su posición sobre lo solicitado por la recurrente en su Moción En Auxilio de Jurisdicción. Resolución de 16 de marzo de 1988.

La aquí recurrida K-Mart ha comparecido y se allana a que se revoquen las resoluciones recurridas y a que se devuelva el caso al tribunal para que éste resuelva los méritos de la controversia en torno a si procedía o no la descalificación. No obstante, se opone a que se emita la orden solicitada por Walgreens en su Moción en Auxilio de Jurisdicción. Sostiene que, de emitirse dicha orden, ésta debería ser emitida por el tribunal de instancia al serle devuelto el caso y que la

misma debe limitarse única y exclusivamente al caso que se ventila aquí, esto es, al de Plaza Río Hondo.

En vista de que la parte recurrida se allana, y por ser atinada su posición, se devuelve el caso al tribunal para que resuelva la controversia sobre si están presentes las circunstancias que ameritan que se declare con lugar la solicitud de descalificación.

■ El poder de reglamentar la admisión al ejercicio de la abogacía y la suspensión o separación del mismo recae única y exclusivamente en este Tribunal. *Warner Lambert v. F.S.E.*, 111 D.P.R. 842 (1982); *In re Álvarez Crespo*, 110 D.P.R. 624 (1981); *Guerrero v. Tribunal de Apelación*, 60 D.P.R. 241 (1942); *Coll v. Leake, Juez de Distrito*, 17 D.P.R. 857 (1911). Así pues, en el ejercicio de ese poder corresponde a este Tribunal entender en toda acción disciplinaria contra un abogado por conducta impropia en violación a los Cánones de Ética Profesional. Véase la Regla 13 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A. No obstante, en esta etapa del procedimiento, no estamos ante una acción disciplinaria contra los abogados del bufete O'Neill & Borges. Se trata de una moción de descalificación interpuesta por la recurrente Walgreens por entender que podría existir un conflicto de intereses y una posible violación al Canon 21 del Código de Ética Profesional, *supra*, de permitírsele al bufete O'Neill & Borges continuar representando a K-Mart en este caso.

■ En otras jurisdicciones se ha resuelto que una moción de descalificación no constituye de por sí una acción disciplinaria contra los abogados. Se reconoce como una medida preventiva para evitar posibles violaciones a los Cánones de Ética Profesional. Por consiguiente, los tribunales de primera instancia, en el ejercicio de su poder inherente de supervisar la conducta de los abogados que postulan ante sí,

pueden entender y resolver dichas mociones cuando las mismas surgen como cuestiones colaterales en casos pendientes ante sí. *Bd. of Ed. of N.Y. City v. Nyquist*, 590 F.2d 1241 (2do Cir. 1979); *Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268 (2do Cir. 1975); *Waters v. Western Company of North America*, 436 F.2d 1072 (10mo Cir. 1971); *Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876 (E.D. Penn. 1976); *American Dredging Co. v. City of Philadelphia*, 389 A.2d 568 (1978); *Slater v. Rimar, Inc.*, 338 A.2d 584 (1975). Igualmente puede este Tribunal, en el ejercicio revisor de las decisiones judiciales, proveer dicho remedio. *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 171, 190 (1985).

■ Hoy establecemos la norma en nuestra jurisdicción de que los procedimientos de descalificación no constituyen de por sí acciones disciplinarias sujetas a la jurisdicción original y exclusiva de este Tribunal. Los tribunales de primera instancia, en el ejercicio de su poder inherente de supervisar y controlar la conducta de los abogados que postulan ante sí, pueden entender y resolver mociones de descalificación de abogados sin menoscabar el poder exclusivo de este Tribunal para entender en acciones disciplinarias contra abogados.(²)

■ Así también, los organismos administrativos cuasi-judiciales tienen la facultad de dirimir mociones de descalificación con miras a mantener el orden y control en sus procedimientos y evitar una posible violación a los Cánones de Ética Profesional. *Brown v. Dist. of Col. Bd. of Zoning Adj.*, 486 A.2d 37 (D.C. App. 1984). Véase, además, *In re Arroyo Villamil*, 113 D.P.R. 568 (1982), en cuanto a que lo dispuesto por el Canon 6 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, sobre el deber del abogado de observar los

---

(²) En cuyos casos también podemos ordenar que un abogado renuncie a la representación legal de una de las partes. *In re Orlando Roura*, 119 D.P.R. 1 (1987).

mismos principios de ética profesional aplica tanto ante los organismos administrativos como ante los tribunales.

■ Una vez el organismo administrativo resuelva el incidente sobre la descalificación, su orden está sujeta a revisión judicial. Véase *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800 (2do Cir. 1974), en torno al carácter apelable de órdenes interlocutorias que conceden o deniegan mociones de descalificación.

En cuanto a la Moción en Auxilio de Jurisdicción, declaramos la misma no ha lugar, sin menoscabo de que se reproduzca la misma ante el tribunal de instancia.(3)

Por los fundamentos antes expresados, *se expedirá el auto, se dictará sentencia, se revocará la sentencia recurrida y se devolverá el caso al Tribunal Superior para que continúen los procedimientos de forma compatible con lo aquí expresado.*

El Juez Presidente Señor Pons Núñez se inhibió.

---

(3) En cuyo caso el tribunal decidirá si la considerará como parte del recurso original o si la debe remitir al Departamento de Salud.