# 96 DTA 135

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I, REGION JUDICIAL DE SAN JUAN

NELSON FERNANDEZ SEGARRA
Recurrido

v.

SUCESION DE NILDA CORDERO, ET AL.
Peticionarios

Núm. KLCE-96-00836

San Juan, Puerto Rico, a 19 de septiembre de 1996

Panel integrado por su presidenta, Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Rodríguez de Oronoz, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Francisco, Nilda y Fernando Fernández Segarra acuden a este Tribunal mediante recurso de *certiorari* solicitando la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Pedro López Oliver, J.), dictada el 10 de julio de 1996 y archivada en autos su notificación a las partes el día 18 de julio siguiente. Mediante dicha resolución se declaró sin lugar la solicitud de la parte demandada de que se descalificara al Lcdo. Ramón Rivera Iturbe del pleito. ■

La parte peticionaria señala que el tribunal de instancia cometió los siguientes errores:

*"Erró el Tribunal Superior [sic] al no conceder la solicitud de descalificación solicitada alegando ser la descalificación una medida que sólo le compete al Tribunal Supremo, cuando está establecido que los tribunales inferiores tienen la autoridad para descalificar, para así velar por el cumplimiento, entre otras cosas, con los Cánones de Etica de los Abogados.*

*Procede la descalificación del Lcdo. Ramón Rivera Iturbe cuando éste ha intervenido en tres ocasiones con uno de los demandados, obteniendo información de la parte opositora sin que estuviese presente su abogada; tratando de manipular el manejo del caso en sus acercamientos a la parte opositora; hablando deshonrosamente de la actuación de los abogados de los demandados con el objetivo de desprestigiar a éstas ante los demandados. De no descalificársele, el demandante estará en una posición de ventaja, indebidamente obtenida."*

Hemos analizado la petición de *certiorari*, el escrito en oposición a su expedición y advertimos que se trata del mismo asunto planteado en el recurso Núm. KLCE-96-00834 y que fue resuelto por este Panel mediante Resolución de 26 de agosto de 1996. Nos explicamos.

El día 19 de agosto de 1996 a las 3:57 p.m. fue presentada una petición de *certiorari* en el caso de epígrafe por los co-demandados-peticionarios, la Sucesión de Víctor Segarra Cordero. Este caso recibió el número KLCE-96-00834.

Ese mismo día, a las 4:46 p.m. fue presentada otra petición de *certiorari* en el caso de epígrafe por los co-demandados-peticionarios Francisco, Nilda y Fernando Fernández Segarra (Sucesión de Nilda Segarra Cordero). Este caso recibió el número KLCE-96-00836.

En ambos recursos se impugnó la Resolución emitida por el Hon. Pedro López Oliver del Tribunal de Primera Instancia, Sala Superior de San Juan, la cual denegó la solicitud de descalificación del Lcdo. Ramón Rivera Iturbe. El 21 de agosto de 1996 los co-demandados-peticio-narios en el caso Núm. KLCE-96-00834 presentaron una moción en auxilio de jurisdicción solicitando la paralización de los procedimientos en el foro de instancia. Este caso fue referido a nuestro panel el 22 de agosto de 1996. Mediante resolución de 26 de agosto de 1996 declaramos sin lugar tanto la expedición del auto solicitado como la moción presentada.

El 16 de septiembre de 1996 fue referido a nuestro panel el *certiorari* de marras, el Núm. KLCE-96-00836. Debido a que trata el mismo asunto planteado en el recurso Núm. KLCE-96-00834 lo resolvemos de forma idéntica.

### I

Los actos que dieron lugar a la solicitud de descalificación del Lcdo. Ramón Rivera Iturbe fueron los siguientes, según la parte peticionaria:

*"El Lcdo. Ramón Rivera Iturbe, representante legal del demandante, le hizo varios acercamientos*

*a uno de los demandados, el señor Francisco Fernández, inquiriendo sobre asuntos del caso de autos y sugiriéndole a éste la manera de manejar el caso. Al concluir, el Lcdo. Rivera le solicitó al co-demandado que no compartiera el contenido del encuentro con su abogada. Todo esto ocurrió, por supuesto, sin que estuviera presente la abogada del co-demandado Fernández.*

*En el último acercamiento del Lcdo. Rivera Iturbe a Don Francisco, el primero se extendió en la conversación con Don Francisco, haciéndole un sinnúmero de preguntas sobre el caso y sobre las reclamaciones de Don Francisco en cuanto al demandante. Esta actuación constituye una violación a los cánones de ética, resultando ésta en que el abogado de la parte contraria tenga a su haber una información obtenida ilegal y fraudulentamente sobre el caso de la otra parte, al igual que información de la estrategia del caso de los demandados en contra del demandante.*

*Pero las violaciones a los cánones de ética por parte del Lcdo. Rivera no terminaron ahí; acto seguido de haberle hecho el interrogatorio verbal a Don Francisco, el Lcdo. Rivera Iturbe le indicó que su abogada no lo estaba representado bien a él y a sus hermanos sino que se estaba tratando de lucrar indebidamente del caso alargándolo lo más posible. Lo mismo indicó en cuanto a la Lcda. Becker Whitaker, quien representa a los co-demandados de apellidos Segarra Hernansaiz, primos del demandante y de los co-demandados Fernández Segarra. Esto constituye un acto del Lcdo. Rivera dirigido no tan sólo a desprestigiar a la abogada suscribiente y a la Lcda. Becker Whitaker, sino que también a tratar de manipular los procedimientos en el caso para que éstos, presumiblemente, sigan el curso que le convengan al demandante. Esta es otra violación a los cánones de ética. ..."*

En virtud de tal actuación, se le imputó al Lcdo. Rivera Iturbe haber incurrido en conducta contraria a lo dispuesto en los Cánones de Etica Profesional, entre otros, los Cánones 28, 27, 29, 35 y 38. En consecuencia, se solicitó que se descalificara al Lcdo. Rivera Iturbe del caso, se le sancionara económicamente y, además, se le ordenara al demandante a obtener otra representación legal.

Por su parte el Lcdo. Rivera Iturbe presentó al tribunal de instancia una versión muy distinta de su conversación con el co-demandado Francisco Fernández Segarra, a saber:

*"Estando el abogado suscribiente almorzando en el Restauran La Cornucopia ...se le acercó el co-demandado Francisco Fernández Segarra y lo saludó. Contestamos su saludo y a renglón seguido nos dice: 'Licenciado estoy en vías de resolver el caso de la partición de herencia con mi hermano (refiriéndose al demandante) porque de alguna forma me gustaría que se arreglasen las relaciones entre nosotros. Ante dichas palabras el abogado suscribiente replicó 'te felicito por ese esfuerzo, ya que los pleitos entre familia no son recomendables y son costosos, principalmente si se llevan a base de una remuneración por hora de trabajo realizado. Espero que algún día nos podamos reunir todos y abrazarnos en armonía como Dios quiere que estén todos sus hijos" .* ■

Al evaluar la situación, el tribunal de instancia entendió que la imputación formulada no podía dar lugar a la descalificación del Lcdo. Rivera Iturbe. Concluyó dicho foro que la descalificación procedía sólo en casos en que fuera necesario salvaguardar la integridad del procedimiento judicial y no como una medida disciplinaria a los abogados de las partes, facultad que le correspondía únicamente al Tribunal Supremo de Puerto Rico. Por tal razón denegó la descalificación solicitada.

El Tribunal Supremo de Puerto Rico ha pronunciado de forma reiterada que sobre ellos, única y exclusivamente, recae el poder de reglamentar la admisión al ejercicio de la abogacía y la suspensión o separación del mismo y que en el ejercicio de tal poder les corresponde entender en toda acción disciplinaria contra un abogado por conducta impropia en violación a los Cánones de Etica Profesional. Véase *K-Mart Corp. v. Walgreens of P.R., Inc.*, 121 D.P.R. 633 (1988) y casos allí citados.

No obstante, se ha reconocido que los tribunales de instancia, en el ejercicio de su poder inherente de supervisar y controlar la conducta de los abogados que postulan ante sí, pueden entender y resolver mociones de descalificación para que un abogado o un bufete se abstenga de representar a una parte. *K-Mart Corp. v. Walgreens of P.R., Inc., supra.*

Ello no menoscaba el poder exclusivo del Tribunal Supremo para entender en acciones

disciplinarias contra abogados, ya que el procedimiento de descalificación no equivale a un procedimiento de acción disciplinaria. Más bien se trata de una medida preventiva para evitar posibles violaciones a los Cánones de Ética Profesional. *K-Mart Corp. v. Walgreens of P.R., Inc., supra.*

Así pues, al pasar juicio sobre una moción de descalificación de un abogado, el tribunal examina el efecto adverso que la continuación de la representación legal puede tener sobre los derechos del cliente, o de cualquier otra de las partes, a un juicio justo e imparcial y sobre el sistema judicial. El procedimiento persigue que el potencial conflicto de intereses no empañe o menoscabe la imagen de la justicia. Véase Opinión concurrente en parte y disidente en parte emitida por la Juez Asociada Señora Naveira de Rodón en *Federación de Pescadores v. U.S. Industries, Inc. y otros,* ___ D.P.R.___ (1994), **94 J.T.S. 26**.

Por ello es que el Tribunal Supremo ha expresado que para imponer al abogado la obligación de renunciar a la representación del cliente afectado, el conflicto no tiene que estar establecido claramente; basta con que el conflicto sea potencial. *Federación de Pescadores v. U.S. Industries, Inc. y otros,* ___ D.P.R. ___ (1994), **94 J.T.S. 26**. Tampoco es necesario que se aporte prueba de violación ética para que proceda tal moción. La apariencia de impropiedad es suficiente para resolver la moción a favor de la descalificación, ante las dudas que surjan sobre posible conflicto de intereses. *Liquilux Gas Corporation, et. al. v. Berríos y otros,* ___ *D.P.R.* ___ *(1995),* **95 J.T.S. 92**.

A la luz de la normativa antes expuesta, tenemos que concluir que estuvo correcta la decisión del juez de instancia de denegar la solicitud de descalificación presentada. La situación planteada en la moción de desestimación no versa sobre un potencial conflicto de intereses o impropiedad alguna que amerite una medida preventiva del tribunal para evitar que se empañe o menoscabe la imagen de la justicia. Lo que se le planteó al tribunal de instancia fue una conducta de un letrado, ya consumada, en alegada violación a los Cánones de Etica Profesional. ■

Como es sabido, es al Tribunal Supremo a quien le correspondería juzgar tal imputación. *K-Mart Corp. v. Walgreens of P.R., Inc., supra.* Es dicho foro quien vela por el cuidadoso y escrupuloso desempeño profesional. *In Re: Lic. Rafael Toro Cubergé,* ___D.P.R. ___ (1996), **96 J.T.S. 48**.

### III

Por las razones antes expuestas, se deniega la expedición del auto de *certiorari* solicitado.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 96 DTA 135**

**1.** Véase Petición de *Certiorari*, págs. 2-3.

**2.** Véase Oposición a Petición de *Certiorari*, pág. 5.

**3.** Consta de los autos que la alegada violación a los Cánones de Etica Profesional que se imputa al Lcdo. Rivera Iturbe está pendiente de vista y adjudicación ante la Comisión de Etica del Colegio de Abogados.