AB-98-137                                                                    1

En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|---|---|
| CARLOS E. RIVERA RODRIGUEZ<br>        Querellado<br><br>     V. | Conducta<br>Profesional<br><br>99TSPR45 |

Número del Caso: AB-98-137

Abogados de la Parte Peticionaria: Lic. María De Lourdes Rodríguez
Oficial Investigadora
Colegio de Abogados

Abogados de la Parte Recurrida: Por derecho propio

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 3/31/1999

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos E. Rivera Rodríguez                              AB-98-137

PER CURIAM

San Juan, Puerto Rico, a 31 de marzo de 1999.

## I.

El 19 de enero de 1999 emitimos una Opinión y Sentencia suspendiendo indefinidamente del ejercicio de la abogacía y notaría al Lcdo. Carlos E. Rivera Rodríguez (colegiado número 9957), por no haber respondido los requerimientos de este Tribunal con relación a una queja presentada en su contra ante el Colegio de Abogados. Dispusimos que su suspensión sería "hasta tanto acredite su disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho". Notificado personalmente el 29 de enero, el 1 de

febrero nos presentó <u>Moción Informativa de Cumplimiento de Orden y Acreditativa de Intención</u>.

Solicitó, entre otros remedios, la reinstalación a la profesión de la abogacía. Asimismo, el 10 de febrero nos informó, corroborado el 16 de febrero por el Colegio de Abogados, que había contestado la queja que originó el presente caso. El 17 de marzo presentó nuevamente una moción solicitando reinstalación.

Aunque en su súplica del escrito del 1 de febrero nos solicitó la reinstalación, acogemos la misma como una <u>reconsideración</u>, por estar la misma comprendida dentro de los diez (10) días laborables que permite nuestro Reglamento.

## II.

De entrada, hemos observado que existen ciertas dudas en torno al alcance e interpretación del lenguaje de nuestras opiniones en casos de suspensiones de abogados. Procede, pues, que pautemos este aspecto.

Con anterioridad explicamos la forma de computar los términos de las sanciones impuestas a abogados como medidas disciplinarias. En <u>In re: Francisco Valcárcel Mulero</u>, res. en 24 de marzo de 1997, indicamos que la fecha de vigencia de una suspensión se computará de dos maneras:

> Este Tribunal no se ha expresado específicamente sobre la forma de computar los términos de las sanciones impuestas a abogados como medidas disciplinarias. En algunos casos la suspensión ha sido inmediata; en otros, se ha computado desde que la Sentencia advino final y firme; y, en otros, como el de autos, nada hemos dicho. Las primeras dos circunstancias, no presentan problema alguno, ya que en la propia Sentencia el Tribunal dispone la forma en que se efectuará el

cómputo. Es la tercera modalidad la que presenta la falta de una norma clara a seguir.

A tenor con lo dispuesto en la Regla 45 del RTS, contenida en la PARTE VIII sobre REGLAS APLICABLES A TODOS LOS RECURSOS; DISPOSICIONES MISCELANEAS, con relación a cualquier decisión o resolución que emita este Tribunal, a partir de la fecha en que las mismas sean notificadas, las partes tendrán un término de diez (10) días laborables para presentar una moción de reconsideración. Denegada esta primera moción de reconsideración, la parte afectada tendrá el término de tres (3) días laborables, a partir de la notificación de la resolución, para presentar una segunda moción de reconsideración. No se permitirán mociones de reconsideración adicionales.

Mientras se encuentra pendiente una moción de reconsideración o no haya transcurrido el término para presentarla, el recurso o asunto se entenderá sometido a la consideración del Tribunal ya que la determinación no se ha convertido en una final y firme. Al advenir final y firme la determinación del Tribunal, comienza a decursar el término de suspensión que fuere impuesto. La incautación de los protocolos es una medida cautelar que no establece el comienzo de la sanción impuesta. El cómputo del término de la sanción se hará de acuerdo a lo dispuesto en el Artículo 8 del Código Civil, 31 L.P.R.A. sec. 8.

A pesar de la norma anteriormente expuesta, el Tribunal, al amparo de su facultad inherente para reglamentar y fiscalizar el ejercicio de la profesión legal, podrá, en casos apropiados, disponer que la sanción disciplinaria entre en vigor inmediatamente. También podrá adoptar cualesquiera otras medidas cautelares que entienda necesarias, a la luz de los hechos particulares de cada caso. K-Mart Corp. v. Walgreens of P.R., Inc., 121 D.P.R. 633 (1988) Colegio de Abogados de P.R. v. Schneider, 112 D.P.R. 540 (1982).

Se aprecia, pues, que podemos ordenar la suspensión inmediata de un miembro de la profesión de la abogacía. Su efecto es que dicha persona no puede ejercer la profesión desde que es debidamente notificado de la decisión. Al igual que en otros casos, a partir de esa

notificación tiene el derecho de solicitar una reconsideración, y si el Tribunal reconsiderara, sería entonces reinstalado. Cuando eso ocurre, e incluso en aquellas ocasiones en que el Tribunal deniega la moción de reconsideración, el cómputo del término de la suspensión comienza a partir de la notificación de la Opinión del Tribunal, que por ser un trámite posterior no necesariamente coincide con la fecha de la decisión.

En In re: Francisco Valcárcel Mulero, supra, también expresamos que si no se dispone en la Opinión que la suspensión será inmediata, el cómputo del término es otro. En tales casos al notificar al abogado de la Opinión suspendiéndolo, éste podrá seguir ejerciendo la profesión de la abogacía, tendrá derecho a solicitar reconsideración y si el tribunal reconsidera, puede dejarse sin efecto la decisión anterior. Esto significa que el abogado o abogada nunca fue suspendido porque la decisión vigente no advino final y firme. Distinto es si se deniega la reconsideración, o si el abogado no la solicita transcurrido el término de diez (10) días laborables para presentarla, en cuyo caso la Opinión se convierte final y firme y es a partir de esa fecha que comienza a decursar el término de la suspensión.

En cualquiera de las dos circunstancias explicadas, una vez notificada la Opinión al abogado o abogada, la misma será publicada por el Tribunal, independientemente del trámite procesal posterior que pudiera ocurrir. En todos los casos de abogados notarios se ordenará la incautación de la obra y sello notarial al momento de la notificación y como medida cautelar, no pudiendo estos

continuar con la práctica de la notaría bajo ninguna circunstancia. La obra notarial será entregada a la Directora del Oficina de Inspección de Notarías para que ésta la inspeccione y nos presente el correspondiente informe. Si el Tribunal decide reconsiderar una suspensión o reinstalar, también publicará su decisión. De esta manera, en ambos casos, tanto el público como la profesión, serán notificados de las decisiones de este Tribunal.

## III.

En el presente caso, el abogado Carlos E. Rivera Rodríguez no contestó una queja presentada en su contra en el Colegio de Abogados el 10 de noviembre de 1997. La Comisión de Ética de dicha institución le envió al abogado Rivera Rodríguez varias cartas para que éste contestara la queja. En vista de que no contestó, el 17 de agosto de 1998 el Colegio presentó ante este Tribunal <u>Moción Informativa de Incumplimiento de Querellado</u> solicitándonos la acción que estimáramos pertinente. El 28 de agosto de 1998 le concedimos al querellado quince (15) días para contestar los requerimientos del Colegio y para comparecer ante este foro y exponer las razones por las cuales no debíamos sancionarlo por la conducta a la que hizo referencia la moción del Colegio de Abogados. También le apercibimos que su incumplimiento podía conllevar sanciones disciplinarias en su contra. Dicha Resolución fue notificada personalmente al querellado el 2 de septiembre. Este no contestó por lo cual le dimos una segunda oportunidad y mediante Resolución con fecha de 9 de octubre, notificada el 19 de octubre, le

concedimos bajo apercibimiento de ser suspendido, un término de treinta (30) días para cumplir con nuestra orden del 18 de agosto. El abogado no cumplió y el 19 de enero de 1999 emitimos Opinión suspendiéndolo.

Este Tribunal no puede tolerar la conducta desplegada por el abogado Carlos E. Rivera Rodríguez. Reconocemos el deber y la autoridad que tiene la Comisión de Ética del Colegio de Abogados para investigar las quejas que allí se presentan contra los miembros de la profesión de la abogacía. Aunque es el Tribunal Supremo a quien le corresponde determinar finalmente las medidas disciplinarias, no contestar los requerimientos de la Comisión de Ética es como no contestar nuestros requerimientos, y podría tener como consecuencia la imposición por este Tribunal de sanciones disciplinarias, incluso la suspensión al ejercicio de la abogacía. El abogado Carlos E. Rivera Rodríguez fue contumaz al no contestar los requerimientos tanto del Colegio como los nuestros. Compareció solo en reacción a la notificación de su suspensión. Incluso tiene otra queja pendiente ante este foro en la cual tampoco ha cumplido con nuestras órdenes.

En el presente caso, el abogado no fue suspendido con carácter inmediato por lo que pudo continuar ejerciendo la profesión una vez notificada nuestra decisión. Al acoger su moción como una de reconsideración y tomando en cuenta su patrón de conducta, que no da una explicación razonable ni justifica su incumplimiento con las órdenes de este Tribunal, se deniega la moción presentada y en reconsideración se ordena su suspensión inmediata.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                            AB-98-137

Carlos E. Rivera Rodríguez

SENTENCIA

San Juan, Puerto Rico, a 31 de marzo de 1999.

        Por las razones que se expresan en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se ordena la suspensión inmediata del ejercicio de la abogacía de Carlos E. Rivera Rodríguez.

        Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                            Isabel Llompart Zeno
                          Secretaria Tribunal Supremo