| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL ESPECIAL | | |
| OLIVIA VAZ, INC. Peticionaria V. CARLOS PADILLA RODRÍGUEZ, JULIECER VÁZQUEZ ORTIZ, MIGUEL A. NAZARIO BRICEÑO Y OTROS Recurridos | KLCE202500625 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce Caso Núm.: PO2025CV00178 Sobre: *Injunction* preliminar y permanente; daños y perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Comparece Olivia Vaz Inc. ( Olivia Vaz o peticionaria) y solicita que revisemos una *Resolución* emitida el 19 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] Mediante dicho dictamen, el TPI denegó la solicitud de señalamiento de vista sobre la descalificación del Lcdo. Miguel Nazario Briceño en el pleito instado contra el señor Carlos Padilla Rodríguez, la señora Aglaer Rodríguez Irizarry y el propio licenciado Nazario Briceño como terceros demandados (recurridos).

Por las razones que se exponen a continuación, se adelanta la denegatoria a la expedición del auto de *certiorari* solicitado.

**I.**

Este caso se originó el 24 de enero de 2025, cuando Olivia Vaz presentó una *Demanda* contra el señor Padilla Rodríguez en la que solicitó un interdicto preliminar y permanente.[2] En esta, alegó que, tras la ruptura amorosa entre la presidenta de la empresa, la señora Juliecer Vázquez Ortiz, y el señor Padilla Rodríguez, este incurrió en

---

[1] Apéndice de *Certiorari*, Anejo 1, págs. 1-2. Notificada el 20 de mayo de 2025.
[2] *Íd.*, Anejo 2, págs. 3-16.

actos de hostigamiento y represalias. Por ello, peticionó que el señor Padilla Rodríguez cesara toda intervención, devolviera los bienes corporativos y respondiera por los daños económicos.

Eventualmente, el 4 de marzo de 2025, se presentó una *Tercera Demanda Enmendada y Solicitud de Injunction Permanente*, mediante la cual se incluyó al licenciado Nazario Briceño como demandado.[3] En la misma se adujo que durante el transcurso de este pleito, el señor Padilla Rodríguez enmendó el certificado de incorporación para nombrar al licenciado Nazario Briceño como agente residente y secretario de la corporación.

En igual fecha, Olivia Vaz solicitó la descalificación del licenciado Nazario Briceño como abogado del señor Padilla Rodríguez por conflicto de intereses, ya que fungía como secretario, agente residente y abogado de la corporación.[4] Precisó que, en virtud del Canon 21 de Ética Profesional, 4 LPRA Ap. IX (derogado), el abogado no debía representar intereses encontrados o incompatibles. Además, planteó que el licenciado Nazario Briceño alteró una de las pruebas del caso.

El 10 de marzo de 2025, el señor Padilla Rodríguez, representado por el licenciado Nazario Briceño, solicitó la desestimación de la *Tercera Demanda Enmendada* al aducir falta de legitimación activa de la señora Vázquez Ortiz para representar a la corporación por ser destituida como presidenta y por no haber alegado ilegitimidad del nombramiento de los nuevos oficiales de Olivia Vaz.[5]

Al próximo día, el señor Padilla Rodríguez, representado por el mismo abogado, se opuso a la solicitud de descalificación.[6] Planteó que no existía conflicto de interés, ya que no se le demandó en su

---

[3] *Íd.*, Anejo 63, págs. 479-499.
[4] *Íd.*, Anejo 64, págs. 518-527.
[5] *Íd.*, Anejo 76, págs. 559-563.
[6] *Íd.*, Anejo 82, págs. 602-612.

calidad de oficial y ningún directivo actual de la empresa presentó la reclamación. El abogado planteó que la representación legal del señor Padilla Rodríguez no era incompatible con su rol de secretario y agente residente. A su vez, sostuvo que Olivia Vaz le imputó de forma vaga, temeraria e intencionada haber alterado evidencia, por lo que debía asumir las consecuencias de tales imputaciones. Apuntó que los abogados de la peticionaria eran los que debían ser descalificados por incompetencia profesional y conducta irrespetuosa.

Así las cosas, el 20 de marzo de 2025, el señor Padilla Rodríguez solicitó la descalificación de la representación legal de Olivia Vaz, los licenciados Juan Oscar Rodríguez y Juan P. Rivera Román.[7]

Ese mismo día, el TPI emitió y notificó una *Orden* mediante la cual reseñaló la vista argumentativa para el 27 de mayo de 2025, ya que aún quedaban pendientes varias mociones por adjudicar y términos para que las partes cumpliera con los dictámenes judiciales.[8]

El 21 de marzo de 2025, Olivia Vaz presentó una *Moción de Reconsideración* al entender que la vista de descalificación se debía celebrar el 24 de marzo.[9] Sin embargo, el 24 de marzo de 2025, el Foro Primario declaró No Ha Lugar la reconsideración.[10]

Subsiguientemente, el 11 de abril de 2025, el TPI concedió a las partes un término final hasta el 23 de abril para presentar alegaciones sobre las mociones de descalificación y desestimación.[11] Consignó que la vista pautada para el 27 de mayo se dejó sin efecto hasta resolver las controversias por escrito.

---

[7] *Íd.*, Anejo 99, págs. 677-684.
[8] *Íd.*, Anejo 104, págs. 691-692.
[9] *Íd.*, Anejo 105, págs. 693-696.
[10] *Íd.*, Anejo 106, pág. 697.
[11] *Íd.*, Anejo 119, págs. 766-769.

El 17 de mayo de 2025, Olivia Vaz solicitó el señalamiento de una vista de descalificación del licenciado Nazario Briceño.[12] Ello, al entender que dicho procedimiento debía llevarse a cabo inmediatamente para evitar dilación de los procedimientos y que se causase daño a la corporación.

El 19 de mayo de 2025, el TPI emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar la solicitud de una vista de descalificación o argumentativa sobre las demás controversias.[13]

Inconforme, el 5 de junio de 2025, Olivia Vaz presentó un recurso de *certiorari*, en la que señaló como único error:

> ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE VISTA DE [DESCALIFICACIÓN.]

En esencia, la peticionaria planteó que el TPI debió celebrar la vista de descalificación desde que solicitó, ya que el Foro Primario ha permitido que el licenciado Nazario Briceño continuara presentando mociones con el único fin de impedir dicha vista. Sostuvo que el Foro Primario debió ordenar *motu proprio* la descalificación del referido abogado, al existir al menos una apariencia de conflicto de intereses por velar simultáneamente por los intereses de la corporación demandante, de sus oficiales demandados y sus propios intereses.

Por su parte, los recurridos, reiteraron que la señora Vázquez Ortiz carecía de legitimación activa, que no existía conflicto en la representación por parte del licenciado Nazario Briceño del señor Padilla Rodríguez y la señora Rodríguez Irizarry en su carácter personal a la vez que era oficial de la corporación demandante. Nuevamente se argumentó que quienes debían ser descalificados eran los abogados de Olivia Vaz.

## II.

### A. *Certiorari*

---

[12] *Íd.*, Anejo 131, págs. 803-807.
[13] Anejo 1, págs. 1-2. Notificada el 20 de mayo de 2025.

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos interlocutorios civiles. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Así, solo procede revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

En *Job Connection Center v. Econo*, 185 DPR 582 (2012), el Tribunal Supremo se enfrentó a la controversia de si las órdenes de descalificación de abogados decretadas por el Tribunal de Primera Instancia están contenidas entre las excepciones que confieren jurisdicción a este Tribunal para revisar órdenes o resoluciones interlocutorias bajo la antes referida Regla 52.1 de Procedimiento Civil. Tras enunciar la naturaleza, propósitos y procedencia de las determinaciones acerca de descalificaciones de abogados, el Tribunal Supremo concluyó que dichas determinaciones son revisables de forma interlocutoria mediante recurso de *certiorari*.

Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir. Su

propósito es evitar la dilación que implicaría la revisión inmediata de controversias que pueden atenderse en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra*, pág. 486.

Por otro lado, la Regla 40 del *Reglamento del Tribunal de Apelaciones*, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. \_\_, 215 DPR \_\_ (2025), R. 40, establece los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari*. A saber, este Tribunal debe evaluar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra*, pág. 336. En tal caso, esta Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*, pág. 405.

### B. Descalificación

La descalificación de un abogado es una medida preventiva como parte del poder inherente que posee el tribunal para supervisar la conducta de los abogados que postulan ante sí. *ORIL v. El Farmer, Inc.*, 204 DPR 229, 241 (2020); *K-Mart Corp. v. Walgreens*, 121 DPR 633 (1988); *Job Connection Center v. Econo, supra*; R. Hernández

Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 82.

La descalificación de los abogados es una decisión discrecional del tribunal que responde al manejo eficiente del caso. R. Hernández Colón, *op. cit.* En tal sentido, el efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos, requieren que los juzgadores de instancia gocen de gran flexibilidad y discreción para conducir los procedimientos conforme a su buen juicio. *In re Collazo I*, 159 DPR 141 (2003); Por ello, cuentan con múltiples mecanismos procesales para garantizar el curso adecuado de los procedimientos sin intervención apelativa. *Íd.*

### III.

De umbral, hacemos destacar que Olivia Vaz no recurrió ante este Foro para cuestionar una determinación en los méritos sobre la descalificación de alguno de los abogados de este caso, asunto sobre el cual el TPI aún no se ha pronunciado. En particular, solicitó revisar la denegatoria a la celebración de una vista argumentativa sobre dicho asunto.

Sin embargo, un análisis sosegado del expediente ante nuestra consideración a la luz de la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1 y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, nos lleva a concluir que no se justifica ejercer nuestra función revisora en este recurso. El señalamiento – o no- de una vista, particularmente cuando existían múltiples mociones pendientes, es parte de la discreción que le asiste al juzgador de instancia para manejar y calendarizar los procedimientos ante sí. En este caso, el TPI dejó sin efecto la vista previamente pautada hasta que se resolvieran por escrito las controversias planteadas, incluyendo las solicitudes de descalificación y desestimación. Lo anterior, unido a que la peticionaria no estableció a satisfacción de este Tribunal que dicho proceder es contraria a derecho, o constituya un error craso o

cause un perjuicio irreparable nos lleva a denegar la expedición del auto de *certiorari.*

## IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones