Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| HILVA MORAIMA MORALES PLUMEY<br><br>Demandante - Peticionaria<br><br>v.<br><br>EFRAÍN ROMÁN MERCADO<br><br>Demandado - Recurrido | TA2025CE00965 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Camuy<br><br>Caso núm.: CM2025RF00052<br><br>Sobre: Divorcio (Ruptura Irreparable) |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero de 2026.

En un caso sobre divorcio por ruptura irreparable, el Tribunal de Primera Instancia ("TPI") descalificó al representante legal de la parte demandante, por entender que su función era incompatible con la función de Notario Público ejercida al tomarle juramento a la parte demandada en una moción conjunta del mismo caso. Según se explica en detalle a continuación, concluimos que erró el TPI, pues el récord no permite concluir que se haya configurado infracción ética alguna y, en cualquier caso, no procedía la descalificación del abogado.

I.

En octubre de 2025, la Sa. Hilva Moraima Morales Plumey (la "Demandante"), por conducto de su representante legal, el Lcdo. Carlos Dasta Meléndez (el "Abogado"), presentó la acción de referencia, sobre divorcio por ruptura irreparable (la "Demanda"), contra el Sr. Efraín Román Mercado (el "Demandado").

Luego de que se diligenciara el emplazamiento, y según relata el Abogado, el Demandado se comunicó con este para indicarle que

no tenía objeción con lo solicitado en la Demanda. El Abogado indica que le propuso que las partes comparecieran en un escrito conjunto para informarle al TPI el acuerdo.

El 10 de noviembre, se presentó una *Moción Conjunta Solicitando Conversión de Causal de Divorcio; y Solicitud Conjunta de Resolución Sumaria al Amparo del Artículo 430 del Código Civil*[1] (la ¨Moción Conjunta¨). En la Moción Conjunta se indicó que la Demandante comparecía a través de su Abogado y que el Demandado comparecía por derecho propio. Al pie de la Moción Conjunta, el Demandado suscribe una declaración jurada (la "Declaración") a los efectos de que ha leído la Demanda y la Moción Conjunta y que lo aseverado en ambos escritos es cierto. Actuando como notario, el Abogado autenticó esta firma del Demandado.

Dos días luego (12 de noviembre), el TPI notificó una *Resolución de Descalificación de Abogado por Representación o Función Conflictiva*[2] (el "Dictamen"). El TPI razonó que "la representación legal de la parte demandante por el [Abogado] es incompatible con la función de Notario Público que ha ejercido en este mismo caso juramentando al demandado en la moción conjunta."

Ante ello, el 25 de noviembre, el Abogado solicitó la reconsideración del Dictamen, lo cual fue denegado por el TPI mediante una Resolución notificada el 8 de diciembre.

Inconforme, el 24 de diciembre, el Abogado presentó el recurso de referencia; formula el siguiente señalamiento de error:

> Abusó de su discreción el Honorable Tribunal de Primera Instancia al descalificar al representante legal de la parte demandante por alegada incompatibilidad con la función de notario público.

---

[1] Entrada #6 del SUMAC del TPI.
[2] Entrada #7 del SUMAC del TPI.

II.

**A.** <u>Descalificación de abogado</u>

El Tribunal de Primera Instancia tiene la autoridad para, a iniciativa propia o a solicitud de parte, ordenar la descalificación de un abogado. *K–Mart Corp. v. Walgreens*, 121 DPR 633, 638 (1988). Procede la descalificación cuando el abogado "incurr[e] en conducta que constituya un obstáculo para la sana administración de la justicia o infrinja sus deberes hacia el tribunal, sus representados(as) o sus compañeros(as) abogados(as)". Regla 9.3 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V R.9.3.

"Una orden de descalificación puede proceder, ya sea para prevenir una violación a cualquiera de los cánones del Código de Ética Profesional o para evitar actos disruptivos de los abogados durante el trámite de un pleito." *Job Connection Center v. Sups. Econo*, 185 DPR 585, 596 (2012); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 661-662 (2000).

Aunque no constituye un procedimiento disciplinario, una descalificación afecta los derechos de las partes y el trámite del procedimiento. En consideración a ello, **la descalificación es un remedio que no se debe imponer ligeramente y sólo procede cuando sea estrictamente necesario**. Si existen **medidas menos onerosas** que aseguren la integridad del proceso judicial y el trato justo a las partes, la descalificación debe ser denegada. El Tribunal debe realizar un balance entre el efecto adverso de la representación y el derecho a un juicio justo e imparcial, así como garantizar una solución justa, rápida y económica de todo procedimiento. *Job Connection Center v. Sups. Econo*, 185 DPR a la pág. 597. (Énfasis nuestro).

**B.** <u>La función dual de abogado y notario</u>

La regla 5 del Reglamento Notarial dispone que:

La práctica de la profesión de abogado puede ser en algunas ocasiones incompatible con la práctica de la notaría.

El notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado ante él.

El notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo. 4 LPRA Ap. XXIV, R.5.

La Regla 1.8 (k) de las nuevas Reglas de Conducta Profesional dispone que:

La abogacía y la notaría constituyen prácticas jurídicas distintas. La persona que ejerce la notaría se abstendrá de intervenir en casos en que su actuación pudiera denotar una incompatibilidad por la doble gestión en un mismo asunto como profesional de la abogacía y como profesional de la notaría. De igual modo, aun si estuviera permitida la actuación, se abstendrá cuando, al servir a las mismas personas requirentes, las circunstancias particulares puedan generar un potencial conflicto. In Re: Reglas de Conducta Profesional de Puerto Rico, Resolución ER-2025-02, aprobada el 17 de junio de 2025**,** Regla 1.8 (k).

Por su parte, el comentario oficial a la antes citada Regla 1.8 indica lo siguiente:

[22] La práctica de la abogacía puede ser incompatible con la práctica de la notaría. Entre las incompatibilidades de mayor importancia se encuentra la de proveer representación legal a una o un cliente en un litigio contencioso y, simultáneamente, prestar servicios notariales que se relacionen con el mismo caso. **Esta incompatibilidad no se extiende a asuntos no contenciosos** o de jurisdicción voluntaria, pues **en estos casos una persona que ejerce la notaría podría tramitar el proceso y juramentar la petición o documentos asociados al caso**. In Re: Reglas de Conducta Profesional de Puerto Rico, Resolución ER-2025-02, aprobada el 17 de junio de 2025, Regla 1.8, Comentario 22. (Énfasis nuestro)

**C.** Divorcio por consentimiento mutuo

El matrimonio es una institución que procede de un contrato civil por medio del cual dos personas naturales se obligan

mutuamente a ser cónyuges y a cumplir los deberes que impone la ley. Art. 376 del Código Civil de 2020, 31 LPRA sec. 6591.

El divorcio es una de las causas de disolución del matrimonio. Art. 417 del Código Civil de 2020, 31 LPRA sec. 6741. El nuevo Código Civil elimina las antiguas causales de divorcio y establece el procedimiento de divorcio por consentimiento (mediante petición conjunta) y el divorcio por ruptura irreparable (mediante petición individual o conjunta). Art. 425 del Código Civil de 2020, 31 LPRA sec. 6772. Además, toda petición de divorcio deberá suscribirse bajo juramento. *Íd.*

"Una estipulación suscrita por las partes y aceptada por el tribunal en un caso de consentimiento mutuo constituye un contrato de transacción." *Magee v. Alberro*, 126 DPR 228 (1990). Como norma general, el juez debe aceptar los acuerdos a los cuales "las partes lleguen para finalizar un pleito y este acuerdo tendrá efecto de cosa juzgada entre las partes". *Íd.* "Sin embargo, hay que tener presente que en los divorcios por consentimiento mutuo la estipulación presentada no queda al arbitrio exclusivo de las partes. El tribunal deberá velar por que lo estipulado confiera protección adecuada a las partes." *Íd.*

## III.

Concluimos que erró el TPI al ordenar la descalificación del Abogado. En primer lugar, no surge del récord infracción ética del Abogado. Aunque en ocasiones la abogacía y la notaría pueden ser prácticas incompatibles, en este caso, el Abogado no compareció como representante legal de ambas partes, sino únicamente de la Demandante, y se limitó a tomarle a este último el juramento correspondiente a una petición conjunta de divorcio por consentimiento mutuo.

Tampoco estaba en posición el TPI de concluir que era indebida la función dual de notario y abogado en este caso. Ello

porque no había indicio de que el litigio es, o podría convertirse en, contencioso. Al revés, del récord lo que se desprende es que ambas partes están de acuerdo con lo solicitado en la Demanda. De hecho, al no existir entre los cónyuges hijos en común, y haberse alegado que tampoco hay bienes, ni deudas, se reduce aún más la posibilidad de que pueda surgir controversia entre las partes.

En segundo lugar, aun partiendo de la premisa de que el Abogado no debió autenticar la firma del Demandado en la Declaración, de todas maneras no procedía la descalificación del Abogado. Adviértase que, según arriba expuesto, la descalificación es una medida extrema que solo se impone cuando ello es estrictamente necesario en términos de la sana administración de la justicia o para prevenir una violación a cualquiera de los cánones del Código de Ética Profesional. Ninguna de estas situaciones está presente en este caso.

Adviértase que, en vez de ordenar la descalificación, el TPI tenía otras opciones menos onerosas, por ejemplo: denegar la Moción Conjunta, hasta que se presentase otra en la que constase la firma del Demandado autenticada por otro notario, o bien dejar en suspenso su adjudicación hasta que el propio TPI examinara personalmente al Demandado para verificar que su intención correspondía a lo aseverado en la Declaración.

En fin, lo actuado por el Abogado, al tomarle juramento al Demandado en la Declaración, no justificaba su descalificación. En la continuación del trámite, el TPI podrá, si lo estima necesario, corroborar que la voluntad del Demandado es conforme a lo consignado en la Declaración y, de no ser así, ordenarle que obtenga su propia representación o advertirle sobre las consecuencias de litigar por derecho propio. En cualquier caso, no sería necesaria ni apropiada la descalificación del Abogado como representante de la Demandante.

IV.

Por los fundamentos que anteceden, se expide el auto de *certiorari* solicitado, se revoca la Resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones