*In re* FRANCISCO VALCÁRCEL MULERO.

*Número:* CP-95-1     *Resuelto:* 24 de marzo de 1997

*Arturo Negrón García*, abogado del peticionario.

PER CURIAM: El 15 de noviembre de 1996 emitimos una opinión y sentencia mediante la cual separamos al Lcdo. Francisco Valcárcel Mulero del ejercicio de la profesión legal durante el término de tres (3) meses y hasta tanto se dispusiese lo contrario por este Tribunal. También ordenamos, como medida auxiliar y a tenor con lo dispuesto en la Regla 14(p) del Reglamento del Tribunal Supremo de 1ro de mayo de 1996 (4 L.P.R.A. Ap. XXI-A) la incautación de su obra notarial, protocolos y registro de afidávit. Por no entenderlo necesario ni apropiado en este caso, no especificamos, como medida cautelar, que la suspensión sería inmediata.

Dicha opinión y sentencia fue notificada el 18 de noviembre de 1996 y la incautación se efectuó el 20 de ese mismo mes. Oportunamente, el 3 de diciembre de 1996, el licenciado Valcárcel Mulero presentó escrito titulado Moción de Reconsideración y Reinstalación. En la súplica de dicha moción solicitó que limitásemos la sanción "a una amonestación *independientemente del tiempo que éste* [*había*] *estado impedido del ejercicio de la profesión* y en su consecuencia [que] lo reinstalá[ramos]". El 24 de enero de 1997 decidimos denegar la referida moción. Esta determinación se notificó el 27 de enero siguiente.

Así las cosas, el 20 de febrero de 1997, el licenciado Valcárcel Mulero interpuso una moción solicitando la reinstalación por haber "transcurrido el término por el cual fue sancionado". Computó este término desde la fecha en que se le notificó la opinión y sentencia suspendiéndolo del ejercicio de la profesión.

Este Tribunal no se ha expresado específicamente sobre la forma de computar los términos de las sanciones impuestas a los abogados como medidas disciplinarias. En algunos casos la suspensión ha sido inmediata; en otros, se ha computado desde que la sentencia advino final y firme, y en otros, como el de autos, nada hemos dicho. Las primeras dos (2) circunstancias no presentan problema alguno, ya que en la propia sentencia el Tribunal dispone la forma

en que se efectuará el cómputo. Es la tercera modalidad la que presenta la falta de una norma clara a seguir.

A tenor con lo dispuesto en la Regla 45 del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, contenida en la " PARTE VIII. REGLAS APLICABLES A TODOS LOS RECURSOS; DISPOSICIONES MISCELANEAS, 4 L.P.R.A. Ap. XXI-A (Sup. 1997), con relación a cualquier decisión o resolución que emita este Tribunal, a partir de la fecha en que las mismas sean notificadas, las partes tendrán un término de diez (10) días laborables para presentar una moción de reconsideración. Denegada esta primera moción de reconsideración, la parte afectada tendrá el término de tres (3) días laborables, a partir de la notificación de la resolución, para presentar una segunda moción de reconsideración. No se permitirán mociones de reconsideración adicionales.

■ Mientras se encuentre pendiente una moción de reconsideración o no haya transcurrido el término para presentarla, el recurso o asunto se entenderá sometido a la consideración del Tribunal, ya que la determinación no se ha convertido en una final y firme. Al advenir final y firme la determinación del Tribunal, comienza a decursar el término de suspensión que le fue impuesto. La incautación de los Protocolos es una medida cautelar que no establece el comienzo de la sanción impuesta. El cómputo del término de la sanción se hará de acuerdo con lo dispuesto en el Art. 8 del Código Civil, 31 L.P.R.A. sec. 8.

■ A pesar de la norma anteriormente expuesta, el Tribunal, al amparo de su facultad inherente para reglamentar y fiscalizar el ejercicio de la profesión legal, podrá, en casos apropiados, disponer que la sanción disciplinaria entre en vigor inmediatamente. También podrá adoptar cualesquiera otras medidas cautelares que entienda necesarias, a la luz de los hechos particulares de cada caso. *K-Mart Corp. v. Walgreens of P.R., Inc.*, 121 D.P.R. 633 (1988); *Colegio de Abogados de P.R. v. Schneider*, 112 D.P.R. 540 (1982).

En el caso del licenciado Valcárcel Mulero, éste fue notificado de la opinión y sentencia imponiéndole una suspensión de tres (3) meses el 18 de noviembre de 1996. Oportunamente presentó moción de reconsideración de la cual se desprende, con meridiana claridad, que entendía que había quedado suspendido del ejercicio de la profesión desde que se le notificó la sentencia. En la moción expresó que no había estado practicando la profesión de abogado desde que se le notificó de la sanción. Bajo estas circunstancias, y no habiéndose expresado el Tribunal anteriormente ni específicamente sobre la forma de computar los términos de las sanciones disciplinarias, en el caso del licenciado Valcárcel Mulero resolvemos, a manera de excepción, que el término de la sanción de tres (3) meses que le fuera impuesta comenzó a transcurrir desde que se le notificó la sentencia. El término impuesto ya transcurrió, procede entonces que ordenemos su reinstalación como abogado.

Por los motivos antes expuestos, *se dictará sentencia reinstalando al Lcdo. Francisco Valcárcel Mulero al ejercicio de la profesión de abogado y se le previene contra futuras inobservancias de la profesión legal.*

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Rebollo López no intervino.