*In re* DAVID ROSADO CRUZ, querellado.

*Número:* CP-96-7 *Resuelto:* 18 de abril de 1997

*Edda Serrano Blasini, Subprocuradora General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogadas de la parte querellante; *Héctor Quiñones Nazario, Arturo*

*Negrón García* y *Jenaro Marchand,* abogados del querellado.

PER CURIAM:

## I

El 12 de julio de 1990, la Sra. Luz M. Rivera Santana presentó una querella ante el Departamento de Asuntos del Consumidor (en adelante el D.A.Co.) contra Adriel Auto Corp., el Citibank N.A. y Gómez Hermanos Corp. Alegó, en síntesis, que había adquirido un vehículo en Adriel Auto Corp. y que a los pocos días éste había manifestado varios defectos. Luego de varios trámites, el D.A.Co. desestimó la referida querella tras concluir que los defectos alegados no habían impedido el uso y disfrute del vehículo, y que éstos no eran de tal gravedad que pudieran considerarse como vicios redhibitorios.

Así las cosas, la señora Rivera Santana contrató los servicios profesionales del Lcdo. David Rosado Cruz[1] para que éste la representara en una acción por daños contractuales que pretendía presentar ante el tribunal de instancia contra Adriel Auto Corp., el Citibank N.A. y Gómez Hermanos Corp. El 4 de enero de 1994 el licenciado Rosado Cruz procedió a presentar la referida demanda ante el Tribunal de Distrito, Sala de Toa Alta (Caso Núm. TD94-004). Los emplazamientos correspondientes fueron expedidos, sin embargo, nunca fueron diligenciados. En consecuencia, el 21 de diciembre de 1994 el tribunal de instancia desestimó la causa de acción, con perjuicio, por falta de diligenciamiento de los emplazamientos dentro del término de seis (6) meses dispuesto por la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

En vista de la desestimación decretada, el 8 de junio de 1995 la señora Rivera Santana presentó una queja contra el licenciado Rosado Cruz ante la Oficina del Procurador

---

[1] Dicho abogado fue admitido al ejercicio de la abogacía el 15 de enero de 1991. No surge del expediente ante nos que él haya sido admitido al ejercicio de la notaría.

General de Puerto Rico. Entre otras cosas, sostuvo que el aludido abogado nunca le informó sobre dicha desestimación. Por su parte, el licenciado Rosado Cruz compareció ante el Procurador General para alegar que había advertido a la quejosa, mediante comunicaciones enviadas el 2 de septiembre y 8 de noviembre de 1994, que antes de diligenciar los emplazamientos ella debía cumplir con su compromiso de suplirle una serie de documentos necesarios para sustentar las alegaciones que habían sido vertidas en la demanda instada. Indicó que la quejosa nunca cumplió su compromiso, por lo que "le informó a finales de diciembre de 1994, que la causa de acción por ella incoada se daba por desistida".

De otra parte, el referido abogado añadió que, a insistencia de la quejosa, el 20 de junio 1995 había presentado un nuevo pleito ante el foro de instancia (Caso Núm. TD95-1066), y que fue posteriormente cuando advino en conocimiento de que la reclamación referente al aludido vehículo ya había sido adjudicada por el D.A.Co.; información que, alegadamente, le había sido ocultada deliberadamente por la quejosa. Por último, sostuvo que estaba en proceso de presentar una solicitud de renuncia de representación legal ante el tribunal de instancia.

El 29 de septiembre del 1995 el Procurador General presentó ante nos el informe correspondiente. A través de dicho informe, adujo que al momento cuando el licenciado Rosado Cruz informó a su cliente que "la causa de acción por ella incoada se daba por desistida", lo que en realidad había sucedido era que el tribunal había ordenado el archivo del caso con perjuicio por falta del diligenciamiento de los emplazamientos. Además, indicó que la información que el referido abogado alegadamente solicitó a la quejosa para poder llevar a cabo dicho diligenciamiento, en todo caso, hubiese sido necesaria para presentar la demanda y no para diligenciar los emplazamientos. Razón por la cual sostuvo que, aún tomando como cierta la aseveración del querellado, su conducta incidió sobre las disposiciones del Canon 17 del Código de Ética Profesional, 4 L.P.R.A. Ap.

IX, en tanto y en cuanto procedió a presentar una demanda sin contar con la prueba necesaria que justificara las alegaciones suscritas en ella.

Por otro lado, el Procurador General añadió que a pesar de que el licenciado Rosado Cruz alegó haber enviado varias cartas a su cliente en las que le solicitaba los documentos necesarios para sustentar las alegaciones de la demanda, ellas no fueron enviadas de forma certificada y la quejosa negó haberlas recibido. Sostuvo que dichas cartas contienen el número de caso TD95-1066, el cual corresponde a la causa de acción que fuera incoada con posterioridad a que el foro de instancia emitiera la sentencia que desestimó la primera demanda presentada. En vista de ello, entiende que resulta evidente la deshonestidad del referido abogado. Finalmente, el Procurador General aduce que aun aceptando como legítimas las comunicaciones aludidas, la decisión de enviarlas a su cliente una vez transcurrido en exceso el término provisto por ley para emplazar a los demandados, incide con la obligación de todo abogado de rendir una labor idónea y competente, y el deber de mantener a su cliente informado de todo asunto importante que surja en el desarrollo de su caso.

Examinado el referido informe, así como la réplica presentada por el Lcdo. David Rosado Cruz, el 3 de mayo de 1996 emitimos una resolución para ordenar la presentación formal de una querella contra el referido abogado. En cumplimiento de tal resolución, el 15 de mayo de 1996 la querella fue presentada ante este Tribunal para imputar violaciones a los Cánones 17, 18, 19 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Entre los cargos imputados se encuentra el de no asegurarse de que las alegaciones presentadas en la demanda estuviesen bien fundamentadas; no defender con diligencia los intereses del cliente; no mantener informado al cliente, y utilizar artificios o falsa relación de los hechos y el derecho ante la Oficina del Procurador General.

Por su parte, el 12 de agosto de 1996 el querellado presentó su contestación a la querella. En síntesis, a través de

su comparecencia el querellado aceptó que no se aseguró fehacientemente de que las alegaciones vertidas en la demanda estuviesen bien fundamentadas, ya que creyó firmemente en lo alegado por su cliente. Lo cual lo llevó a someter la demanda sin contar en su expediente con la prueba necesaria, optando posteriormente por no diligenciar los emplazamientos ante el desinterés de su cliente.

Sostuvo, además, que todo lo sucedido se debió a su inexperiencia, pero que nada de ello causó perjuicio a la querellante. Ello en vista de que, a su entender, ésta nunca tuvo oportunidad de prevalecer en su causa de acción, toda vez que al momento de presentar ésta la controversia había sido adjudicada por el foro administrativo. Por último, señaló que siempre mantuvo a su cliente informada del caso, y que nunca ha sometido evidencia falsa ante la Oficina del Procurador General.

Así las cosas, el 6 de septiembre de 1996 emitimos una resolución, en la cual concedimos término a las partes para que mostraran causa, si la hubiese, por la cual no debía darse por sometida la querella presentada y resolverse en sus méritos sin la celebración de ulteriores procedimientos. Ambas partes han comparecido para expresar su conformidad con que el asunto sea resuelto a base de la totalidad de los documentos que obran en el expediente ante este Tribunal, quedando el caso sometido. En consecuencia, pasamos a resolver.

## II

Ciertamente, la conducta del querellado al omitir el diligenciamiento de los emplazamientos dentro del término correspondiente, resultando ello en la desestimación con perjuicio de la causa de acción de la quejosa, incide con las disposiciones del Canon 18 del Código de Ética Profesional, *supra*, el cual obliga a todo abogado a rendir una labor idónea y competente en todo momento. Ello independientemente de que, alegadamente, el foro administrativo ya hubiese adjudicado unas reclamaciones prácticamente

idénticas a las presentadas ante el tribunal de instancia. Sostuvo el querellado que dicha conducta se debió a que en varias ocasiones solicitó a la quejosa que le suministrara cierta información relevante al caso presentado, lo cual no fue cumplido por ésta. Dicho planteamiento no nos convence.

Como bien sostiene el Procurador General en su informe, la información requerida hubiese sido necesaria para presentar la demanda y no para diligenciar los emplazamientos expedidos. Además, en todo caso, y de ser cierta dicha aseveración, la conducta aludida incidiría sobre las disposiciones del Canon 17 del Código de Ética Profesional, *supra*, a los efectos de que el letrado procedió a presentar una demanda sin contar con la prueba necesaria que justificara las alegaciones vertidas en ella.[2]

■ De otra parte, aun tomando como legítimas las comunicaciones enviadas por el querellado a su cliente que le solicitaban la información aludida y le notificaban sobre la posibilidad de que la acción se diera por "desistida", al momento de éstas enviarse ya habían transcurrido varios meses en exceso del término de seis (6) meses previsto por la Regla 4.3(b) de Procedimiento Civil, *supra*, para diligenciar los emplazamientos.[3] Conducta que incide con las disposiciones del Canon 19 del Código de Ética Profesional, *supra*, en cuanto obliga a todo abogado a "mantener a su cliente siempre informado de todo asunto importante que

---

[2] En lo pertinente, el aludido Canon 17 del Código de Ética Profesional dispone que:

"... La firma de un abogado en una alegación en un caso equivale a certificar que ha leído la alegación y que de acuerdo con su mejor conocimiento, información y creencia está bien fundada." 4 L.P.R.A. Ap. IX.

[3] Nótese que, según surge de los documentos que obran ante nos, la demanda aludida fue presentada el 4 de enero de 1994, y los emplazamientos correspondientes fueron expedidos el 3 de enero de 1994. Sin embargo, las comunicaciones alegadamente enviadas por el abogado de epígrafe a su cliente tienen fecha de 2 de septiembre y 8 de noviembre de 1994 y, según alega dicho abogado, fue a finales de diciembre de 1994 cuando informó a su cliente que la causa de acción se daba por desistida.

surja en el desarrollo del caso que le ha sido encomendado".(⁴)

Incluso, nótese que en ese momento no debía hablarse de desistimiento, sino del archivo del caso por parte del tribunal. Archivo que no fue notificado por el licenciado Rosado Cruz a su cliente mediante las comunicaciones que alega haber enviado.

■ Por último, en cuanto al planteamiento del querellado a los efectos de que lo sucedido se debió a su inexperiencia y que no se causó perjuicio a la parte querellante, debemos señalar que aunque tales circunstancias pueden constituir un atenuante al momento de imponer la medida disciplinaria, ello no nos convence para eximirlo completamente de una sanción en este caso. Véanse: *In re Méndez Rivera*, 141 D.P.R. 753 (1996); *In re Vera Vélez*, 136 D.P.R. 284 (1996); *In re Pérez Santiago*, supra; *In re Díaz Alonso Jr.*, 115 D.P.R. 755 (1984).

### III

Por todos los fundamentos expuestos anteriormente, *se suspende al Lcdo. David Rosado Cruz del ejercicio de la abogacía por el término de un (1) mes, y se le impone una sanción económica de quinientos dólares ($500). Adviértase que el término de suspensión aquí decretado será computado a partir de que la sentencia dictada en este caso advenga final y firme.(⁵) Además, se ordena al referido abogado que, en caso de que haya cobrado algún honorario por*

---

(⁴) En cuanto al deber de todo abogado de mantener informado a su cliente de las incidencias del caso, véanse: *In re Pérez Santiago*, 131 D.P.R. 676 (1992); *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984); *In re Pagán Ayala*, 109 D.P.R. 712 (1980).

(⁵) Véase *In re Valcárcel Mulero II*, 142 D.P.R. 797 (1997).

*sus servicios profesionales, proceda a devolverlos a la que-josa, Sra. Luz M. Rivera Santana.*([6])

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Rebollo López no intervino.

([6]) Según surge de la Réplica al Informe del Procurador General que presentara el querellado, éste sostiene que los servicios profesionales que brindó a la quejosa fueron de forma gratuita. Sin embargo, la quejosa no se ha expresado sobre la veracidad de dicha alegación.