*In re* CARLOS E. RIVERA RODRÍGUEZ.

*Número:* AB-98-137          *Resuelto:* 31 de marzo de 1999

*Carlos E. Rivera Rodríguez, pro se*; *María de Lourdes Rodríguez, Oficial Investigadora*, Comisión de Ética del Colegio de Abogados de Puerto Rico.

PER CURIAM:

I

El 19 de enero de 1999 emitimos una opinión y sentencia, en la cual suspendimos indefinidamente del ejercicio de la abogacía y notaría al Lcdo. Carlos E. Rivera Rodríguez (colegiado Núm. 9957), por no haber respondido los requerimientos de este Tribunal con relación a una queja presentada en su contra ante el Colegio de Abogados. Dispusimos que su suspensión sería "hasta tanto acredite su

disposición de cumplir rigurosamente con nuestras órdenes y este Tribunal disponga lo que proceda en derecho". *In re Rivera Rodríguez*, 147 D.P.R. 368 (1999). Notificado personalmente el 29 de enero, el 1ro de febrero nos presentó su *Moción informativa de cumplimiento de orden y acreditativa de intención*.

Solicitó, entre otros remedios, la reinstalación a la profesión de la abogacía. Asimismo, el 10 de febrero nos informó, corroborado el 16 de febrero por el Colegio de Abogados, que había contestado la queja que originó este caso. El 17 de marzo presentó nuevamente una moción para solicitar su reinstalación.

Aunque en su súplica del escrito de 1ro de febrero nos solicitó la reinstalación, la acogemos como una *reconsideración*, por estar comprendida dentro de los diez (10) días laborables que permite nuestro reglamento.

## II

De entrada, hemos observado que existen ciertas dudas en torno al alcance y la interpretación del lenguaje de nuestras opiniones en casos de suspensiones de abogados. Procede, pues, que pautemos este aspecto.

Con anterioridad explicamos la forma de computar los términos de las sanciones impuestas a abogados, como medidas disciplinarias. En *In re Valcárcel Mulero II*, 142 D.P.R. 797, 798–799 (1997), indicamos que la fecha de vigencia de una suspensión se computará de tres (3) maneras:

Este Tribunal no se ha expresado específicamente sobre la forma de computar los términos de las sanciones impuestas a abogados como medidas disciplinarias. En algunos casos la suspensión ha sido inmediata; en otros, se ha computado desde que la sentencia advino final y firme, y en otros, como el de autos, nada hemos dicho. Las primeras dos (2) circunstancias no pre-

sentan problema alguno, ya que en la propia sentencia el Tribunal dispone la forma en que se efectuará el cómputo. Es la tercera modalidad la que presenta la falta de una norma clara a seguir.

A tenor con lo dispuesto en la Regla 45 del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, contenida en la PARTE VIII. REGLAS APLICABLES A TODOS LOS RECURSOS; DISPOSICIONES MISCELANEAS, 4 L.P.R.A. Ap. XXI-A (Sup. 1997), con relación a cualquier decisión o resolución que emita este Tribunal, a partir de la fecha en que las mismas sean notificadas, las partes tendrán un término de diez (10) días laborables para presentar una moción de reconsideración. Denegada esta primera moción de reconsideración, la parte afectada tendrá el término de tres (3) días laborables, a partir de la notificación de la resolución, para presentar una segunda moción de reconsideración. No se permitirán mociones de reconsideración adicionales.

Mientras se encuentre pendiente una moción de reconsideración o no haya transcurrido el término para presentarla, el recurso o asunto se entenderá sometido a la consideración del Tribunal, ya que la determinación no se ha convertido en una final y firme. Al advenir final y firme la determinación del Tribunal, comienza a decursar el término de suspensión que le fuere impuesto. La incautación de los Protocolos es una medida cautelar que no establece el comienzo de la sanción impuesta. El cómputo del término de la sanción se hará de acuerdo con lo dispuesto en el Art. 8 del Código Civil, 31 L.P.R.A. sec. 8.

A pesar de la norma anteriormente expuesta, el Tribunal, al amparo de su facultad inherente para reglamentar y fiscalizar el ejercicio de la profesión legal, podrá, en casos apropiados, disponer que la sanción disciplinaria entre en vigor inmediatamente. También podrá adoptar cualesquiera otras medidas cautelares que entienda necesarias, a la luz de los hechos particulares de cada caso. *K-Mart Corp. v. Walgreens of P.R., Inc.*, 121 D.P.R. 633 (1988); *Colegio de Abogados de P.R. v. Schneider*, 112 D.P.R. 540 (1982).

Se aprecia, pues, que podemos ordenar la *suspensión inmediata* de un miembro de la profesión de la abogacía. Su efecto es que dicha persona no puede ejercer la profesión desde que es debidamente notificada de la decisión. Al igual que en otros casos, a partir de esa notificación tiene el derecho de solicitar una reconsideración, y

si el Tribunal reconsiderara, sería entonces reinstalado. Cuando eso ocurre, incluso en aquellas ocasiones en que el Tribunal deniega la moción de reconsideración, el cómputo del término de la suspensión comienza a partir de la notificación de la opinión del Tribunal, que por ser un trámite posterior no necesariamente coincide con la fecha de la decisión.

En *In re Valcárcel Mulero II*, supra, también expresamos que si no se dispone en la opinión que la suspensión será inmediata, el cómputo del término es otro. En tales casos, al notificar al abogado de la opinión en la cual se le suspende, éste podrá seguir ejerciendo la profesión de la abogacía, tendrá derecho a solicitar una reconsideración y si el tribunal reconsidera, puede dejarse sin efecto la decisión anterior. Esto significa que el abogado nunca fue suspendido, porque la decisión vigente no advino final y firme. Distinto es si se deniega la reconsideración, o si el abogado no la solicita transcurrido el término de diez (10) días laborables para presentarla, en cuyo caso la opinión se convierte en final y firme, y es a partir de esa fecha que comienza a transcurrir el término de la suspensión.

En cualquiera de las dos (2) circunstancias explicadas, una vez notificada la opinión al abogado, ésta será publicada por el Tribunal, independientemente del trámite procesal posterior que pudiera ocurrir. En todos los casos de abogados-notarios, se ordenará la incautación de la obra y del Sello Notarial al momento de la notificación y como medida cautelar, no pudiendo éstos continuar con la práctica de la notaría bajo ninguna circunstancia. La obra notarial será entregada a la Directora del Oficina de Inspección de Notarías para que ésta la inspeccione y nos presente el informe correspondiente. Si el Tribunal decide reconsiderar una suspensión o reinstalar, también publicará su decisión. De esta manera, en ambos casos, tanto el

público como la profesión, serán notificados de las decisiones de este Tribunal.

## III

En caso de autos, el abogado Carlos E. Rivera Rodríguez no contestó una queja presentada en su contra en el Colegio de Abogados, el 10 de noviembre de 1997. La Comisión de Ética de dicha institución le envió al abogado Rivera Rodríguez varias cartas para que éste contestara la queja. En vista de que no contestó, el 17 de agosto de 1998 el Colegio presentó ante este Tribunal la *Moción informativa de incumplimiento de querellado*, en la que nos solicitó la acción que estimáramos pertinente. El 28 de agosto de 1998 le concedimos al querellado quince (15) días para contestar los requerimientos del Colegio y para comparecer ante este Foro y exponer las razones por las cuales no debíamos sancionarlo por la conducta a la que hizo referencia la moción del Colegio de Abogados. También le apercibimos de que su incumplimiento podía conllevar sanciones disciplinarias en su contra. Dicha resolución fue notificada personalmente al querellado el 2 de septiembre. Éste no contestó; por lo cual, le dimos una segunda oportunidad y mediante resolución con fecha de 9 de octubre, notificada el 19 de octubre, le concedimos, bajo apercibimiento de ser suspendido, un término de treinta (30) días para cumplir con nuestra orden de 18 de agosto. El abogado no cumplió y el 19 de enero de 1999 emitimos una opinión para suspenderlo.

■ Este Tribunal no puede tolerar la conducta desplegada por el abogado Carlos E. Rivera Rodríguez. Reconocemos el deber y la autoridad que tiene la Comisión de Ética del Colegio de Abogados para investigar las quejas que allí se presentan contra los miembros de la profesión de la abogacía. Aunque es el Tribunal Supremo a quien le corresponde determinar finalmente las medidas disciplina-

rias, no contestar los requerimientos de la Comisión de Ética equivale a no contestar nuestros requerimientos, y podría tener como consecuencia la imposición por este Tribunal de sanciones disciplinarias, incluso la suspensión del ejercicio de la abogacía. El abogado Carlos E. Rivera Rodríguez fue contumaz al no contestar los requerimientos tanto del Colegio como los nuestros. Compareció sólo como reacción a la notificación de su suspensión. Incluso tiene otra queja pendiente ante este Foro en la cual tampoco ha cumplido con nuestras órdenes.

En el caso de autos, el abogado no fue suspendido con carácter inmediato por lo que pudo continuar ejerciendo la profesión, una vez fue notificada nuestra decisión. Al acoger su moción como una de reconsideración y tomando en cuenta su patrón de conducta, que no da una explicación razonable ni justifica su incumplimiento con las órdenes de este Tribunal, *se deniega la moción presentada y en reconsideración se ordena su suspensión inmediata.*

*Se dictará la sentencia correspondiente.*