*In re* VIDAL RODRÍGUEZ AMARO.

*Número:* AB-2002-201          *Resuelto:* 2 de abril de 2004

*Roberto J. Sánchez Ramos*, procurador general; *Vidal Rodríguez Amaro*, querellado; *Luis Señeriz Díaz*, querellante.

PER CURIAM:

## I

El 23 de febrero de 2001 el Sr. Luis Señeriz presentó una queja contra el Lic. Vidal Rodríguez Amaro ante la oficina del Procurador General. Luego de varios requerimientos, el abogado contestó la queja el 27 de agosto de 2002. Así las cosas, el Procurador General presentó su informe final el 5 de marzo de 2003.

En vista de lo anterior, mediante Resolución de 27 de marzo de 2003, le concedimos al abogado un término de veinte días para expresarse en torno al informe del Procurador General. Dicha resolución fue notificada el 31 de marzo de 2003. Ante la *incomparecencia* del licenciado Rodríguez Amaro, emitimos una segunda Resolución el 5 de diciembre de 2003, concediéndole un *término final* de quince días para cumplir con nuestra orden previa y lo apercibimos de que el incumplimiento con lo ordenado po-

dría acarrear sanciones disciplinarias. Esta resolución fue notificada personalmente el 7 de enero de 2004. *Han transcurrido varios meses desde que finalizó el término que le concedimos al licenciado Rodríguez Amaro y éste no ha dado cumplimiento a nuestra orden.*

## II

Sabido es que los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal, en particular cuando se trata de una queja presentada en su contra que es objeto de investigación, independientemente de sus méritos. La naturaleza de la profesión legal requiere una escrupulosa atención y obediencia a las órdenes del Tribunal Supremo, especialmente, a aquellas que están relacionadas con nuestra facultad disciplinaria. La indiferencia de un abogado al no atender nuestros requerimientos u órdenes acarrea la imposición de severas sanciones disciplinarias. *In re Torres Torregrosa*, 161 D.P.R. 66 (2004); *In re Fernández Pacheco*, 152 D.P.R. 531 (2000); *In re Corujo Collazo*, 149 D.P.R. 857 (1999); *In re Ron Menéndez*, 149 D.P.R. 105, 107 (1999); *In re Rivera Rodríguez*, 147 D.P.R. 917, 923 (1999).

En el caso ante nos, el licenciado Rodríguez Amaro ha observado una conducta displicente al incumplir con nuestras Resoluciones de 27 de marzo y de 5 de diciembre de 2003, y se ha mostrado indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se impone al licenciado Rodríguez Amaro el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal

el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión *per curiam* y sentencia. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del abogado suspendido y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

*Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Rebollo López y Rivera Pérez no intervinieron.