EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: <br><br> Vidal Rodríguez Amaro | Queja <br><br> 2004 TSPR 62 <br><br> 161 DPR _____ |
|---|---|

Número del Caso: AB-2002-201

Fecha: 2 de abril de 2004

Oficina del Procurador General:

Lcda. Yvonne Casanova Pelosi
Procuradora General Auxiliar

Abogado del Querellado:

Por Derecho Propio

Materia: Conducta Profesional
(La suspensión será efectiva el día 14 de abril de 2004 fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Vidal Rodríguez Amaro

AB-2002-201

PER CURIAM

San Juan, Puerto Rico a 2 de abril de 2004

I

El 23 de febrero de 2001 el Sr. Luis Señeriz presentó una queja contra el Lcdo. Vidal Rodríguez Amaro ante la oficina del Procurador General. Luego de varios requerimientos, el abogado contestó la queja el 27 de agosto de 2002. Así las cosas, el Procurador General presentó su informe final el 5 de marzo de 2003.

En vista de lo anterior, mediante resolución de 27 de marzo de 2003 concedimos al abogado un término de veinte (20) días para expresarse en torno al informe del Procurador General. Dicha resolución fue notificada el 31 de marzo de 2003. Ante la **incomparecencia** del licenciado Rodríguez Amaro, emitimos una segunda resolución el 5 de diciembre de 2003, concediéndole un **término final** de quince (15) días para cumplir con nuestra orden previa y lo apercibimos que el incumplimiento con lo ordenado podría acarrear sanciones disciplinarias. Esta resolución fue notificada personalmente el 7 de enero de 2004. **Han transcurrido varios meses desde que finalizó el término que le concedimos al licenciado Rodríguez Amaro y éste no ha dado cumplimiento a nuestra orden.**

II

Sabido es que los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de una queja presentada en su contra que es objeto de investigación, independientemente de sus méritos. La naturaleza de la profesión legal requiere escrupulosa atención y obediencia a las órdenes del Tribunal Supremo, especialmente, a aquellas que están relacionadas con nuestra facultad disciplinaria. La indiferencia de un abogado al no atender nuestros requerimientos u órdenes

acarrea la imposición de severas sanciones disciplinarias. *In re: Torres Torregrosa*, res. el 13 de enero de 2004, _____ D.P.R. _____ (2004), 2004 T.S.P.R. 9, 2004 J.T.S. _____; *In re: Fernández Pacheco*, res. el 21 de noviembre de 2000, 152 D.P.R. _____ (2000), 2000 T.S.P.R. 184, 2000 J.T.S. 195; *In re: Corujo Collazo*, res. el 23 de diciembre de 1999, 149 D.P.R. _____ (1999), 99 T.S.P.R. 191, 99 J.T.S. 139; *In re: Ron Menéndez*, 149 D.P.R. 105, 107 (1999); *In re: Rivera Rodríguez*, 147 D.P.R. 917, 923 (1999).

En el caso ante nos, el licenciado Rodríguez Amaro ha observado una conducta displicente al incumplir con nuestras resoluciones de 27 de marzo y 5 de diciembre de 2003 y se ha mostrado indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. En vista de lo anterior, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se impone al licenciado Rodríguez Amaro el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

    Vidal Rodríguez Amaro

                      AB-2002-201

SENTENCIA

San Juan, Puerto Rico a 2 de abril de 2004

        Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Vidal Rodríguez Amaro.

        Se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y sentencia.

        El Alguacil de este Tribunal deberá incautar la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  Los Jueces Asociados Rebollo López y Rivera Pérez no intervinieron.


                                    Patricia Otón Olivieri
                                Secretaria del Tribunal Supremo