per curiam:
El 30 de marzo de 2010, el Sr. Carlos A. Charles Gómez presentó una queja contra la Leda. Rosana Rodríguez Salas. Expuso razones por las cuales entendía que esta había incumplido con el contrato de servicios pro-fesionales suscrito entre ellos, y reclamó la devolución de un dinero alegadamente entregado por adelantado para honorarios. El 30 de agosto de 2010, la Subsecretaría del Tribunal Supremo cursó una comunicación a la Leda. Ro-sana Rodríguez Salas con relación a la queja presentada. Según surge del expediente, esta fue recibida. En Resolu-ción de 29 de diciembre de 2010, este Tribunal concedió a la Leda. Rosana Rodríguez Salas un término adicional de diez días mediante una segunda notificación, la cual fue devuelta por el correo por la razón siguiente: “UNCLAIMED”.
Ante su incomparecencia, el 8 de febrero de 2011 le con-cedimos un término final de diez días, contados a partir de la notificación de dicha resolución, para que contestara la queja presentada en su contra, según ordenado por este Tribunal. Apercibimos a la Leda. Rosana Rodríguez Salas que su incumplimiento con lo ordenado conllevaría sancio-nes disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.
Esta resolución se notificó personalmente a la Leda. Ro-sana Rodríguez Salas el 23 de febrero de 2011. No obstante lo anterior, la licenciada Rodríguez Salas no ha compare-cido.
*581 I
 Hemos resuelto en reiteradas ocasiones que todos los miembros de la clase togada tienen que responder con premura y por escrito a los requerimientos relacionados a quejas por conducta profesional. No hacerlo puede conlle-var severas sanciones disciplinarias. Véanse: In re Vilanova Alfonso, 159 D.P.R. 167 (2003); In re Arroyo Rivera, 148 D.P.R. 354 (1999). De igual forma, constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el desatender las órdenes judiciales. In re Maldonado Rivera, 147 D.P.R. 380 (1999).
Acorde con lo anterior, los abogados tienen el deber ineludible de cumplir diligentemente las órdenes de este Tribunal. Desatender las órdenes nuestras acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Véanse, entre muchos otros: In re Grau Díaz, 167 D.P.R. 397 (2006); In re Zayas Cabán, 162 D.P.R. 839 (2004); In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torregrosa, 161 D.P.R. 66 (2004); In re Fernández Pacheco, 152 D.P.R. 531 (2000); In re Corujo Collazo, 149 D.P.R. 857 (1999); In re Ron Menéndez, 149 D.P.R. 105 (1999); In re Rivera Rodríguez, 147 D.P.R. 917 (1999).
La desatención a nuestras órdenes en el curso de un procedimiento disciplinario no es un asunto de poca monta. Más bien, como indicamos en In re Escalona Colón, 149 D.P.R. 900, 901 (1999), “revela una gran fisura del buen carácter que debe exhibir todo miembro de la profe-sión legal”. Se trata de mi acto de indisciplina, desobedien-cia, displicencia, falta de respeto y contumacia hacia este Tribunal que no habremos de tolerar. Véanse: In re Guemárez Santiago I, 146 D.P.R. 27, 28 (1998); In re Nicot Santana, 129 D.P.R. 717, 718 (1992).
*582 II
La abogada de epígrafe ha actuado de forma censurable al no responder a los requerimientos que le ha hecho este Tribunal.
Por ello, se suspende indefinidamente a la abogada Ro-sana Rodríguez Salas del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.
Además, deberá acreditar a este Tribunal el cumpli-miento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y sentencia.

Se dictará sentencia de conformidad.