

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| --- | --- |
| | 2011 TSPR 87 |
| | 181 DPR _____ |
| Dayra Amill Acosta | |

Número del Caso: CP      - 2009 - 3

Fecha: 24 de mayo de 2011

Abogados de la Querellada:

Lcdo. Alfredo Castellanos Bayouth
Lcdo. Jesús Antonio Castellanos Melazzi

Oficina      de la Procuradora General:

Lcda. Edna Evelyn Rodríguez Benítez
Procuradora General Auxiliar

Materia:      Conducta Profesional      -   La suspensión será efectiva el                9 de junio    de 2011 fecha en que se le notificó a                    l a    abogad a    de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio públic                    o a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Dayra Amill Acosta

CP-2009-03

PER CURIAM

En San Juan, Puerto Rico, a 24 de mayo de 2011.

La Lcda. Dayra Amill Acosta fue admitida al ejercicio de la abogacía el 17 de enero de 1996 y al ejercicio del notariado el 3 de mayo de 1996. El 15 de noviembre de 2001 el Sr. Herbert Villafañe Reyes presentó una queja contra la licenciada Amill Acosta ante la Oficina del Procurador General. En síntesis, el señor Villafañe Reyes relató que contrató los servicios profesionales de la abogada Amill Acosta para que lo representara en un caso penal. Éste trataba de una denuncia por infracciones a los Arts. 166 y 169 de Código Penal de 1974, 33 L.P.R.A. secs. 4272 y 4275

(apropiación ilegal agravada e interferencia fraudulenta con contadores). Además, el señor Villafañe Reyes contrató a la licenciada Amill Acosta para que presentara una acción civil de colindancia y daños y perjuicios.

Sin embargo, la acción civil fue desestimada. El señor Villafañe Reyes alegó que la negligencia de la querellada en el diligenciamiento de los emplazamientos provocó que el Tribunal de Primera Instancia desestimara el pleito con perjuicio.

Durante el trámite procesal de la querella, recibimos dos informes de la Oficina del Procurador General, además de varias comparecencias de la licenciada Amill Acosta. Posteriormente, mediante Resolución de 28 de agosto de 2009, designamos a la Lcda. Jeannette Ramos Buonomo como Comisionada Especial para que recibiera la prueba necesaria y rindiera el informe sobre los hechos en controversia.

En la vista en su fondo celebrada ante la Comisionada Especial, ambas partes acordaron someter el caso por el expediente e hicieron constar que no tenían objeción a que se tomara conocimiento judicial de los expedientes del caso penal y el civil en los que estuvo involucrado el señor Villafañe Reyes. La Comisionada Especial presentó su informe ante este Foro, en el cual concluyó que la querellada Amill Acosta violó los Cánones 18 y 20 del Código de Ética Profesional, 4 L.P.R.A. Ap.

IX. Veamos en detalle los hechos que nos obligan a ejercer nuestra jurisdicción disciplinaria.

I

El 17 de octubre de 2000 la licenciada Amill Acosta, en representación del señor Villafañe Reyes y su esposa, la Sra. María C. Colón Ruiz, presentó una demanda de colindancias y daños y perjuicios. Los emplazamientos fueron expedidos el 30 de octubre de 2000 y recibidos en la oficina de la querellada el 13 de noviembre del mismo año.

La licenciada Amill Acosta señaló que entregó los emplazamientos al Sr. Richard Torres Loyola para que los diligenciara. No obstante, los emplazamientos nunca se diligenciaron. Ante esta situación, la querellada Amill Acosta adujo que no conocía el paradero de dichos documentos y que el señor Torres Loyola abandonó la jurisdicción de Puerto Rico y no podía contactarlo.

En su defensa, la licenciada Amill Acosta alegó que había renunciado a la representación legal del señor Villafañe Reyes en el caso civil, por discrepancias con el Lcdo. Joarick Padilla Avilés. El matrimonio Villafañe-Colón contrató al licenciado Padilla Avilés para que se uniera a su representación legal en el caso criminal. Según el "mejor entender" de la licenciada Amill Acosta, la representación legal del licenciado Padilla Avilés también abarcaba el caso civil de colindancias y daños y perjuicios.

El 26 de septiembre de 2001, casi doce meses después de presentada la demanda, el foro primario dictó una sentencia en la que desestimó, con perjuicio, la acción civil, conforme a la Regla 4.3(b) de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III. Dicha sentencia desestimatoria fue notificada a la licenciada Amill Acosta el 28 de septiembre de 2001.

No se desprende del expediente del caso civil que el licenciado Padilla Avilés se hubiese unido a la representación legal de los demandantes, previo a la fecha de la sentencia que desestimó la acción. Tampoco surge del informe que la querellada Amill Acosta hubiese renunciado a la representación legal de los demandantes en el caso. Ante este cuadro fáctico, la licenciada Amill Acosta asegura que sí envió por correo regular una moción en la que "renunció" a la representación legal del matrimonio Villafañe-Colón. Sin embargo, la propia querellada acepta que dicha moción de renuncia no se encuentra en el expediente del caso y también acepta que nunca recibió comunicación de parte del foro de primera instancia sobre la supuesta renuncia de representación legal.

Aproximadamente dos meses después de desestimada la acción civil, el señor Villafañe Reyes presentó por derecho propio una moción de reconsideración de la sentencia dictada. En su moción, Villafañe Reyes alegó

que la razón para no emplazar fue la negligencia de la querellada Amill Acosta en el trámite del caso.

El 25 de marzo de 2002 el licenciado Padilla Avilés compareció por primera vez al Tribunal de Primera Instancia en el caso civil y presentó una moción de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III.

Subsiguientemente, el caso siguió su curso de manera incierta hasta que, finalmente, el Tribunal de Apelaciones emitió una sentencia el 27 de diciembre de 2002 mediante la cual denegó la reapertura del caso solicitada por el matrimonio Villafañe-Colón. De esta forma, prevaleció de forma final y firme la desestimación con perjuicio de la acción civil, decretada por el foro primario.

## II- Infracción del Canon 18

El Canon 18, 4 L.P.R.A. Ap. IX, establece que

> [s]erá impropio de un abogado asumir una representación profesional cuando está (sic) consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> **Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.** (énfasis suplido)

Hemos manifestado que "[t]odo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear la

mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez." In re Rivera Ramos, Op. de 13 de abril de 2010, 2010 T.S.P.R. 53, 2010 J.T.S. 62, 178 D.P.R. __ (2010), citando a In re Cuevas Velázquez, 174 D.P.R. 433, 442 (2008) (citas omitidas).

"Se ha sostenido sin ambages, que aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se configura violatoria del Canon 18 de los Cánones de Ética Profesional". In re Pujol Thompson, 171 D.P.R. 683, 689 (2007).

Un abogado no puede olvidar que la indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación de un caso, viola el Canon 18. In re Rodríguez Lugo, Op. de 27 de mayo de 2009, 2009 T.S.P.R. 87, 2009 J.T.S. 90, 176 D.P.R. __ (2009), citando a In re Pizarro Colón, 151 D.P.R. 94, 105 (2000). En In re Verdejo Roque, 145 D.P.R. 83, 87 (1999), reiteramos que "un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía y tampoco mantiene al cliente informado de los desarrollos del caso, incurre en una violación seria a la ética profesional".

Al definir el término diligencia, se ha mencionado que "implica que el [abogado] realice las gestiones que le fueron encomendadas en momento oportuno, en forma adecuada y sin dilaciones que puedan afectar la pronta

solución de la controversia." Sigfrido Steidel Figueroa,

Ética y Responsabilidad del Abogado, Publicaciones J.T.S,

San Juan, 2010, pág. 179. Anteriormente, este Tribunal ha

discutido situaciones prácticas que colocan en evidencia

una violación del deber de diligencia que impone el Canon

18. Entre éstas, cabe destacar las siguientes:

> (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción; (6) cualquier tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso.

In re Vilches López, 170 D.P.R. 793, 798 (2007).

La licenciada Amill Acosta, al aceptar la encomienda

de representar al señor Villafañe Reyes y su esposa en el

caso civil, tenía el deber insoslayable de proteger los

intereses de éstos y desempeñarse a la altura que

requiere esta profesión. La querellada violentó el Canon

18 al faltar a la diligencia debida en procurar que se

emplazara a los demandados en la acción civil.

Hemos manifestado que la "conducta de un abogado al

omitir diligenciar los emplazamientos dentro del término

correspondiente, resultando ello en la desestimación con

perjuicio de la causa de acción, incide con las

disposiciones del Canon 18, el cual obliga a todo abogado

a rendir una labor idónea y competente en todo momento".

In re Rosado Cruz, 142 D.P.R. 957, 961 (1997) (citas

omitidas).

La licenciada Amill Acosta recibió los emplazamientos para ser diligenciados en el caso civil y no se ocupó que éstos fueran tramitados. Intenta justificar su negligencia en el hecho de que entregó los emplazamientos a un emplazador que luego abandonó la jurisdicción. Sin embargo, ese hecho no la releva de responsabilidad frente al cliente. Si realmente hubiese desaparecido el emplazador, la licenciada Amill Acosta tenía la alternativa de acudir al tribunal para que se expidieran otros emplazamientos y de esa forma cumplir cabalmente con el deber de diligencia que le impone el Canon 18. Al no actuar de esa forma, la querellada violentó ese Canon.

### III- Infracción del Canon 20

El Canon 20, 4 L.P.R.A. Ap. IX, dispone en lo pertinente que

> [c]uando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
>
> Antes de renunciar a la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

Por otro lado, la Regla 12.3 de las Reglas para la Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-B, establece que el abogado que solicite renunciar a la representación legal de un cliente, luego de comparecer al tribunal, debe incluir en su solicitud las últimas direcciones residenciales y postales, tanto del cliente, como del abogado que renuncia. Además, "debe de [sic] acreditar que ha notificado la renuncia a su cliente y debe cumplir con lo dispuesto en el Canon 20". Steidel Figueroa, op cit., pág. 259.

Asimismo, en lo que respecta al efecto de la presentación de una moción de renuncia profesional de un abogado en un caso, hemos mencionado que mientras

> el abogado no sea relevado de su responsabilidad por el tribunal, tiene el ineludible deber de desplegar el más alto grado de competencia y diligencia posible en su gestión profesional. En vista de lo anterior, es preciso enfatizar que **la presentación de una moción de renuncia de representación profesional no significa que el abogado está automáticamente desvinculado de su responsabilidad hacia su cliente y el tribunal.** Hasta tanto el tribunal autorice la moción de renuncia de representación legal, el abogado debe representar a su cliente de la forma más responsable, cabal y eficiente, y tiene que conducirse a tenor con los postulados éticos que emanan del Código de Ética Profesional y rigen la profesión.
>
> In re Torres Muñoz, Op. de 2 de octubre de 2008, 2008 T.S.P.R. 178, 2008 J.T.S. 198, 175 D.P.R.__ (2008). (citas omitidas) (énfasis en el original).

En otras palabras, un abogado no debe presumir que con la mera presentación de una solicitud de renuncia

finaliza su vínculo con un cliente y sus responsabilidades frente al tribunal. Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 125 (1975).

El propósito de esta norma es "permitir al tribunal mantener el contacto con un cliente, de modo que las notificaciones del caso puedan hacerse directamente a la parte hasta que ésta gestione y anuncie el nombre de su nuevo abogado". Íd. Es decir, la intención de esta regla es no dejar desprovisto al cliente de representación legal durante el proceso judicial. Por ese motivo, cuando el tribunal autoriza la renuncia debe "conceder un plazo razonable a la parte para que gestione un nuevo abogado". Íd.

En el caso que nos ocupa, la querellada violentó el Canon 20 debido a que renunció, de facto, a la representación de sus clientes sin obtener antes permiso del tribunal. En el expediente del caso no aparece la supuesta moción de renuncia que envió por correo regular la licenciada Amill Acosta. Aunque no existe una regla plasmada en nuestro Derecho positivo que regule la forma de presentar una moción de renuncia profesional en un caso, por su envergadura se recomienda enfáticamente que el abogado presente la moción personalmente o por conducto de un mensajero, o a lo sumo, por correo certificado. De esta forma, se asegura que la moción llegue al tribunal y se eviten situaciones lamentables como ésta.

La querellada también violentó el Canon 20 por una razón adicional e independiente: no tomó las medidas para orientar debidamente a los esposos Villafañe Colón sobre su alegada renuncia al caso, y así proteger los derechos del matrimonio. Si la abogada hubiese actuado de esa forma, con toda probabilidad el matrimonio Villafañe Colón habría comparecido con nueva representación legal para evitar que le desestimaran el caso.

El Canon 20 le imponía a la querellada Amill Acosta la obligación de tomar medidas razonables para evitar perjuicios a sus clientes y de notificarles sobre los términos en curso que podrían afectarles. La licenciada Amill Acosta no presentó prueba que demostrara que tomó medidas o que orientó a los clientes sobre los términos que iban a expirar. Ni siquiera solicitó la renuncia a la representación legal según requiere nuestro ordenamiento jurídico. Al así actuar, dejó a sus clientes desprovistos de representación legal, lo que culminó en la sentencia desestimatoria de la acción civil porque no se emplazó a la parte demandada.

## IV

Resta ahora determinar la sanción que debemos imponer a la querellada. Para imponer una sanción disciplinaria a un abogado por conducta impropia, es necesario considerar el historial previo del abogado; si éste goza de buena reputación; la aceptación de la falta y su sincero arrepentimiento; si fue realizada con ánimo de lucro; y cualquier otro factor pertinente a los

hechos. In re Rodríguez Lugo, Op. de 27 de mayo de 2009, 2009 T.S.P.R. 87, 2009 J.T.S. 90, 176 D.P.R. __ (2009); In re Díaz Ortiz, 150 D.P.R. 418 (2000); In re Arroyo Rivera, 148 D.P.R. 354 (1999).

Recientemente, en In re Santos Rivera, 172 D.P.R. 703 (2007), disciplinamos a un abogado que no fue diligente en la representación de un cliente, retuvo indebidamente el expediente del litigio después de presentar su renuncia al tribunal correspondiente, y además incumplió con el deber de todo abogado de brindar su dirección actualizada a nuestra Secretaría. Todo ello fue una clara violación de los Cánones 18 y 20. No obstante, en vista de su buen historial profesional, limitamos la sanción a **tres meses**.

En el caso que nos ocupa, se encuentran presentes varios atenuantes. En primera instancia, la querellada hace constar que lamenta profundamente lo que ocurrió. Hemos señalado que la aceptación de la falta constituye un atenuante a considerar, a la hora de sancionar a un abogado. In re Vilches López, supra, pág. 801.

Por otro lado, ésta es la primera falta de la licenciada Amill Acosta en su carrera jurídica. Ya en el pasado hemos reconocido que esto constituye otro atenuante a tomar en consideración. Véase, In re Rodríguez Feliciano, 165 D.P.R. 565, 582 (2005).

Considerado todo lo anterior, ordenamos la suspensión inmediata de la Lcda. Dayra Amill Acosta de la

práctica de la profesión por el término de **tres meses**. La querellada tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta decisión.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Dayra Amill Acosta                    CP-2009-03




SENTENCIA

En San Juan, Puerto Rico, a 24 de mayo de 2011.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, ordenamos la suspensión inmediata de la Lcda. Dayra Amill Acosta de la práctica de la profesión por el término de **tres meses**. La querellada tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta decisión.


Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.



Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo