RESOLUCIÓN
El 28 de febrero de 2014 emitimos una Opinión per curiam suspendiendo inmediata e indefinidamente al Ledo. Gilberto Rodríguez Zayas del ejercicio de la abogacía y la notaría por haber incumplido con los requerimientos de este Tribunal. In re Rodríguez Zayas I, 190 DPR 436 (2014). En particular, el licenciado Rodríguez Zayas no cumplió con nuestra Resolución del 25 de enero de 2013, mediante la cual le ordenamos devolver $200 dólares al quejoso, el Sr. Luis Mercado Figueroa. Esto debido a que el señor Mercado Figueroa había presentado una queja contra el licenciado Rodríguez Zayas alegando que éste le había cobrado $400 dólares por un trabajo que no realizó.
El 24 de marzo de 2014 el señor Rodríguez Zayas presentó, por derecho propio, una moción para la reconsidera *797 ción de la Opinión per curiam emitida el 28 de febrero de 2014. En la moción, el señor Rodríguez Zayas alegó que no fue su intención incumplir con los requerimientos de este Tribunal, sino que su incumplimiento se debió a un des-cuido involuntario por problemas de salud. Para ilustrar, anejó a su moción de reconsideración una gran cantidad de documentación que acredita que padece de cierta condición médica severa. Debido a ésta, indicó que no tenía los fondos para cumplir con el requerimiento de este Tribunal y que, por un descuido involuntario, no nos solicitó un tiempo adicional para cumplir con lo ordenado.
Además, acreditó que cumplió con nuestro requeri-miento del 25 de enero de 2013 y que le devolvió el dinero adeudado al señor Mercado Figueroa. Anejo XV de la Mo-ción de Reconsideración de 24 de marzo de 2014. En vista de que el señor Rodríguez Zayas justificó razonablemente su incumplimiento y devolvió el dinero, cumpliendo así con el requerimiento del Tribunal, entendemos procedente re-considerar nuestro dictamen del 28 de febrero de 2014 y ordenar la reinstalación del señor Rodríguez Zayas al ejer-cicio de la abogacía y la notaría.
Sin embargo, puesto que el señor Rodríguez Zayas suscribió la moción con el título de licenciado, a pesar de haber comparecido por derecho propio, nos parece pertinente expresarnos sobre este asunto. En nuestro ordenamiento, “el ejercicio de la profesión durante el tiempo de suspensión constituye una práctica ilegal de la abogacía en violación del Canon 33 del Código de Ética Profesional, [4 LPRA Ap. IX,] y debe ser sancionado severamente, porque constituye un desafío insólito a nuestro poder inherente para regla-mentar la profesión”. In re Gordon Menéndez I, 171 DPR 210, 215 (2007). Por lo anterior, un abogado suspendido no puede realizar actos que constituyan el ejercicio de la pro-fesión y debe evitar la apariencia de ello, ya que, como es bien sabido, los cánones de ética también le imponen al abogado el deber de evitar hasta la apariencia de conducta *798 impropia. íd. Véase Canon 38 del Código de Ética Profesio-nal, 4 LPRAAp. IX. Si bien la presentación de un escrito por derecho propio no constituye el ejercicio de la profe-sión, utilizar el título de licenciado mientras se está sus-pendido de la profesión crea la apariencia impropia de ello. A tenor con lo anterior, se censura enérgicamente la actua-ción del señor Rodríguez Zayas y se le apercibe que en el futuro deberá cumplir a cabalidad con los cánones de ética que rigen la profesión del abogado. Además, advertimos que seremos más rigurosos al evaluar asuntos similares.
Así apercibido, se ordena la reinstalación del señor Rodríguez Zayas al ejercicio de la abogacía y la notaría. Publíquese.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Feliberti Cintrón desea que se haga constar la expresión siguiente:
El Juez Asociado señor Feliberti Cintrón hubiera provisto “no ha lugar” a la solicitud de reconsideración del peticionario porque éste compareció ante nosotros suscribiendo su moción como licenciado, a pesar de estar suspendido de la práctica de la profesión. Véanse: In re Rodríguez Zayas I, 190 DPR 436 (2014); In re Rivera Rodríguez, 147 DPR 917, 920 (1999).
El Juez Asociado Señor Kolthoff Caraballo no intervino.